September 08, 2015    76, 087-02

Louise Pearson Clerk
Court of Criminal Appeals            §        Ex Parte Shane T. O'Grady
P.O. Box 12308                       §        RE: Cause No. 58863
Capitol Station                      §        412th Judicial Court
Austin, Texas 78711                  §
                                     §

Dear Clerk, at this time I find it necessary to request your assistance to the following.

Now comes Shane T. O'Grady in Cause No. 58863 in Pro Se status in a Nunc Pro Tunc Motion that was originally filed in the District Clerk's Office in Brazoria County on May 07, 2015. He now request this clerk pursuant to Texas Rules of Court to perform his ministerial duty of serving the District Attorney Jeri Yenne 408-A, 111 East Locust St. Angleton, Texas 77515. O'Grady has no use of a copy machine to make copies himself to send the District Attorney's office due to his incarceration.

1) O'Grady objects to the District Court's ruling on or about May 07, 2015 by Judge Denman in the 412th District Court. Enclosed please find one page letter from Judge Denman dated August 25, 2015.

2) In accordance with law O'Grady had asked for Judge Denman to Recuse himself from making any rulings on these motions because of his relationship to the case.

3) Please note on pg 11 of 17 that Judge W. Edwin Denman Recusal himself in this case at hand for being for being disqualified from case/cause No. 58863. See now argument.

4) O'Grady will now ask the Court of Criminal appeals to review these motions, and either rule on them, or remand back to the District Court and order that Judge Denman Recuse himself from cause No. 58863, and order another Judge to make rulings on motions enclosed.

5) Pro Se Applicant kindly request acknowledgement of recipt of my filings by returning applicant a stampfile copy (my motions and this notice). Please find a self addressed stamped envelope enclosed. If any filing fee is needed please notify O'Grady of filing fees.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 15 2015

Abel Acosta, Clerk

Shane Timothy O'Grady
TDCJ-ID #1614317
McConnell Unit
3001 S. Emily Drive
Beeville, Texas 78102

This document contains some
pages that are of poor quality
at the time of imaging.



## W. EDWIN DENMAN

| Brazoria County Courthouse | | Houston 281-756-1915 |
|---|---|---|
| 111 East Locust | **DISTRICT JUDGE** | Brazosport 979-388-1915 |
| 2nd Floor, Suite 201 | **412th Judicial District** | Angleton 979-864-1915 |
| Angleton, Texas 77515 | | Facsimile 979-864-1918 |

August 25, 2015

Mr. Shane Timothy O'Grady
#1614317
McConnell Unit
3001 S. Emily Drive
Beeville, TX. 78102

> RE:  Cause No. 58863; *State of Texas v. Shane Timothy O'Grady*; in the 412th District
> Court, Brazoria County, Texas

Dear Mr. O'Grady:

Ms. Rhonda Barchak, District Clerk of Brazoria County, has forwarded me your letter of August 10, 2015 requesting that I sign Orders on the Motions that you sent in May of this year.

I had reviewed your Motions right after they were originally filed. However, I found no merit in your Nunc Pro Tunc Motion, so I could not sign that Order. In addition, I no longer have jurisdiction over your remaining Motions.

Since I no longer have jurisdiction, I cannot either grant or deny the relief requested in your Motions.

Very truly yours,

W. EDWIN DENMAN
Judge, 412th District Court

WED:lmk

58863 - O'Grady ltr 8.25.15

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

EX PARTE SHANE TIMOTHY O'GARDY § FROM THE 412th JUDICIAL DISTRICT
    Cause No. 58863 § COURT OF BRAZORIA COUNTY, TEXAS
    Pro se §

REQUEST FOR LEAVE TO FILE "JUDICIAL NOTICE," "PLEA OF ABTEMENT
AND PLEA TO JURISDICTION" AND "NUNC PRO TUNC"

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COMES SHANE TIMOTHY O'GRADY, also known as Applicant Pro-
se is currently incarcerated at the McConnell Unit of TDCJ-CID,
#1614317, Bee County, Beeville, Texas and files the above refer-
ence cause number, moves in Pro se status as follows:

### I. "JUDICIAL NOTICE"

    Judicial notice of adjudicative facts pursuant to art. II.-
Judicial Notice, Texas Rules of Evidence, rule 201. This rule
governs only Judicial notice of adjudicative facts. When judical
discretion is the best system of law which leaves the least
discretion to the Judge. This is an advantage which results
from its certainty. See now, Burton's Legal Thesaurus, 5th ed.,
pg. 197 and the Texas Lawyer Criminal Codes and Rules (2013)
at pgs. 1113-14. "Judicial Notice", on appeal should be taken,
if at all, "Where necessary to avoid an unjust judgment." (at
456 of) Watkins v. State, 245 S.W.3d 444, 455-56(Tex.Cr.App.2008)
cert. Denied, 555 U.S. 846(2008). *(Cont on pg. 2 of 17)*

KiBosh V. State, 241 SW 3d 60, 65-66 (Tex. Crim. App. 2007), in support of Judicial Notice see all exhibits now.

## I. "Plea of Abatement & Plea to Jurisdiction"

Applicant-Defendant uses a motion to abate, also called a plea in abatement, to challenge the plaintiff's pleadings by alleging facts outside the pleadings that prove the suit cannot go forward in its present condition. "Special Exception" as vehicle use to address defective pleadings, address pleading defect apparent on the face of pleading.

"Plea in Abate," as vehicle to address defective pleadings, addressess defect in pleading that requires evidence outside of pleading that requires evidence outside of pleading. "A remedy is anything a court can do for a litigant who has been wronged or is about to be wronged." The Ratio decidend of the court's opinion is "unauthorized acts (or errors) can be characterized as either 'illegal' or 'irregular.'" Note how the record is very deceiving wrong & unjust to cause an invasion of a right to the damage or prejudice of another; such as constituting a wrong. Not fair. Just. or Legal! In O'Grady's case he alleges that the Honorable Judge W. Edwin Denman purposefully abused his authority by being putative has no authority over proceedings and his actions 'are nullity if he does not possess prescribed qualifications to act in the capacity, or if he is disqualified from particular case because of his relationship to case or party! This conduct violates

Pg. 2 of 17

THE TEXAS CONSTITUTION !!!  VOID CONVICTIONS SHOULD BE DEFINED AS THOSE IN WHICH THE TRIAL COURT LACKED JURISDICTION OVER THE PERSON OR SUBJECT MATTER OR IN WHICH THE TRIAL JUDGE LACKED QUALIFICATION TO ACT IN ANY MANNER. IN A MOTION TO ABATE, THE APPLICANT-DEFENDANT IDENTIFIES SOME IMPEDIMENT TO THE CONTINUATION OF THE SUIT IDENTIFIES AN EFFECTIVE CURE, AND ASKS the COURT TO SUSPEND the SUIT UNTIL the PLAINTIFF CURES THE DEFECT. BY GRANTING THE MOTION TO ABATE, THE COURT GIVES THE PLAINTIFF AN OPPORTUNITY TO CURE THE DEFECT.  IF THE PLAINTIFF CURES THE DEFECT, THE COURT WILL PERMIT the SUIT TO CONTINUE. IF NOT, THE COURT WILL DISMISS THE SUIT. SEE NOW: MARTIN V. Kosohs 1, Ltd., 2 SW3d 350, 354 (TEX. APP.-SAN ANTONIO 1999, PET. DENIED. EX PARTE SEIDEL, 39 SW3d 221 226-27 (TEX. CRIM. APP. 2001) (WOMACK J., DISSENTING, JOINED BY KELLER P.J. & MEYERS, J.). EX PARTE PATTERSON, 969 SW2d 16, 19 (TEX. CRIM. App. 1998.). EX PARTE McCain, 67 SW3d 204, 209 (TEX. CRIM. App. 2002). "DOUGLAS LAY COCK, MODERN AMERICAN REMEDIES 1 (3d ED. 2002). Id. AT MARTIN, 2 SW3d AT 354. AMERICAN MOTORISTS INS. V. FODGE, 63 SW3d 801, 805 (TEX. 2001). SPEER V. STOVER, 685 SW2d 22, 23 (TEX. 1985). AND GARCIA-MARROQUIN V. NUECES CTY. BAIL BONDS Bd., 1 SW3d 366, 374 (TEX. APP.-CORPUS CHRISTI 1999, NO PET.). KSNG ARCHITECTS, INC. V. BEASLEY, 109 SW3d 894, 898 (TEX. APP.-DALLAS 2003). HORIZON/CMS HEALTH CARE CORP. V. Auld, 34 SW3d 887, 897 (TEX. 2002). and DAVIS V. STATE, 956 SW2d 555 (TEX. Cr. App. 1997)

***  O'GRADY'S PRIMA FACIE MITIGATING AND EXCULPATORY EVIDENCE NOT ONLY SHOWS WRONGFULLY OBTAINED, IT SHOWS INJUNCTIVE FINDING THAT SUPPORTS

Pg. 3 OF 17

MENS REA OF THE HONORABLE JUDGE W. EDWIN DENMEN AS FOLLOWS: JUDGE DENMEN WAS PRESENT FOR THE GRAND JURY INDICTMENT FILED IN THE 412th AND WAS PRESENT FOR THE JURY VERDICT OF GUILTY PUNISHMENT FIXED BY THE JURY. SEE NOW EXHIBIT (1) "A" 2-Pgs. CAPTION AND INDICTMENT AND EXHIBIT (2) "B" 3-Pgs. IN THE 23rd JUDICIAL DISTRICT COURT, SIGNED BY W. EDWIN DENMAN PRESIDING JUDGE. PLEASE NOTE, THESE TWO EXHIBITS ARE CERTIFIED COPIES OF ORIGINAL. APPLICANT NOW REQUEST ALL PROCEEDS AFTER Nov. 17, 2009, "BE ABATED."

## II. "MOTION FOR JUDGMENT NUNC PRO TUNC"

### I.

THE PURPOSE OF A JUDGMENT NUNC PRO TUNC IS TO CORRECT A CLERICAL ERROR IN THE JUDGMENT AFTER THE COURT'S PLENARY POWER HAS EXPIRED. JENKINS V. JENKINS, 16 SW3d 473, 482 (TEX. App.- EL PASO 2000, NO PET.). FERGUSON V. NAYLOR, 860 SW2d 123, 126 (TEX. App.- AMARILLO 1993, WRIT DENIED), WEST TEXAS STATE BANK V. GENERAL RES., 723 SW2d 304, 306 (TEX. APP.- AUSTIN 1987, WRIT REF'd NRE.

### II.

THE ONLY GROUND FOR A MOTION FOR JUDGMENT NUNC PRO TUNC IS TO CORRECT A CLERICAL ERROR MADE IN ENTERING THE JUDGMENT OR A JUDICIAL ERROR IS AN ERROR WHICH OCCURS IN THE RENDERING AS OPPOSED TO THE ENTERING OF A JUDGMENT. ESCOBAR V. ESCOBAR, 711 SW2d 230, 231 (TEX. 1986) (CONTRASTED WITH JUDICIAL ERROR MADE IN RENDERING JUDGMENT).

### III.

THE INQUIRY IN A PROCEEDING FOR A JUDGMENT NUNC PRO TUNC IS WHAT JUDGMENT WAS RENDERED, NOT WHAT JUDGMENT SHOULD OR MIGHT HAVE BEEN RENDERED. Id.; Hernandez V. LOPEZ, 288 SW3d 180, 185 TEX. APP. HOUSTON [1st DIST.] 2009, NO PET.). JENKINS V. JENKINS,

Pg. 4 OF 17"

III cont.

16 SW3d 473, 482 (Tex. App. - El Paso 2000, No Pet.).

IV.

A judicial error occurs when the court considers an issue and makes an erroneous decision. See Comet Aluminum Co. v. Dibrell, 450 SW2d 56, 58-59 (Tex. 1970). It is an error in rendering the judgment. In Re Daredia, 317 SW3d 247, 249 (Tex. 2010). Escobar, 711 SW2d at 231. Claxton v. (Upper) Lake Fork Water Control & Imprv. Dist., 220 SW3d 537, 543 (Tex. App.-Texarkana 2006, No Pet.).

V. There is no deadline for filing a motion for judgment nunc pro tunc. See Texas Rules of Court Civil Procedure 316. The earliest a motion for judgment nunc pro tunc can be filed is the day after the court loses plenary power over the judgment. See Riner v. Briargrove Park Prop. Owners, Inc., 976 SW2d 680, 682 (Tex. App.- Houston [1st Dist.] 1997, No Writ) (judgment nunc pro tunc can be rendered only after the court loses plenary power).

VI. The court should modify the judgment because it is incorrect. A court has the power to modify the judgment as long as it retains plenary power over the judgment. See Tex. R. Civ. P. 329(B)(G). L.M. Healthcare, Inc. v. Childs, 929 SW2d 442, 443-44 (Tex. 1996). Lane Bank Equip. Co. v. Smith S. Equip, Inc., 10 SW3d 308, 312 (Tex. 2000).

"Error #1 & Background of all officials misconduct"

Error #1 Putative judge has no authority over proceedings and his actions are nullity if he does not possess prescribe qualifications to act in that

ERROR #1 cont.

CAPACITY, OR 'H HE IS DISQUALIFIED FROM PARTICULAR CASE BECAUSE OF HIS RELATIONSHIP TO CASE OR PARTY.

IN ACCORDANCE WITH THE STATE & FEDERAL CONSTITUTION THE 412TH JUDICIAL DISTRICT COURT JUDGE 'ED DENMAN PRESIDED PURPOSEFULLY — VIOLATED O'GRADY'S RIGHT OF LAWS OF THE LAND TO A FAIR TRIAL. SEE Cook V. State, 902SW2L471(1995)

→ "NO PERSON SHALL BE HELD TO ANSWER FOR A CRIMINAL OFFENSE UNLESS ON AN INDICTMENT OF A GRAND JURY. TEX. CONST. ART. 1 § 10 RIGHTS OF THE ACCUSED IN CRIMINAL PROSECUTIONS," AND DUE PROCESS & EQUAL PROTECTION OF THE U.S. CONST. ←

<u>"ARGUMENT WITH SUPPORTING AUTHORITIES"</u>

→ AT A REGULAR GRAND JURY TERM OF THE 412th JUDICIAL DISTRICT COURT, BEGUN AND HOLDEN WITHIN AND FOR THE COUNTY OF BRAZORIA, ANGLETON, STATE OF TEXAS, BEFORE THE HONORABLE W. EDWIN DENMAN, JUDGE PRESIDING WHICH TERM BEGAN ON THE 24th DAY OF JANUARY, A.D., 2010 AND WHICH ENDS BY OPERATION OF LAW ON THE 30TH DAY OF JUNE, A.D., 2010, THE FOLLOWING CAUSE No. 58863 CAME TO/ON FOR HEARING TO WIT: STATE OF TEXAS Vs. SHANE TIMOTHY O'GRADY IN THE DISTRICT COURT OF BRAZORIA COUNTY, TEXAS 412TH JUDICIAL DISTRICT COURT. ← O'GRADY NOW PRESENTS EXHIBITS NUMBERS 1-17 AS FOLLOWS THAT CLEARLY SHOWS THE 412TH COURT JUDGE DENMAN PRESIDING, HEARD AND RULED ON EVIDENCE FROM THE PENDING INDICTMENT "HE ALSO" HEARD THE TRIAL AND EVIDENCE FROM THE STATE'S COMPLAINING WITNESS BEFORE HIS TRIAL EVEN BEGAN ON NOVEMBER 2, 2009, AS FOLLOWS: (1) THE HONORABLE JUDGE W. EDWIN DENMAN WAS PRESENT FOR THE Grand JURY INDICTMENT

Pg. 6 OF 17

ARGUMENT CONT. (1):

Filed in the 412th Judicial District Court. (1) See now exhibit "A" 2-Pgs. Please note this is a certified copy of original filed January 22, 2009.

(2) Judge Denman was present for the judgment on jury verdict of guilty punishment fixed by jury. (2) See now exhibit "B" 3-Pgs. in the 23rd Judicial District Court, signed by W. Edwin Denman presiding judge. This is also certified copy of original filed November 17, 2009.

(3) Judge Denman was present in cause No. 58863 "Motion to revoke bail or increase bail in the 412th. See now (3) exhibit "C" 4-Pgs. Also see (8) exhibit "H" 1-Pg. Conditions of bail; (4) "Notice of indictment," by the Brazoria County Grand Jury in the 412th Judicial District from Jerry Deere District Clerk, filed Feb., 3, 2009. Mailed or delivered to Shane Timothy O'Grady - 121 Clements # 711 - Angleton, Texas 77515 - Re: Cause No. 58863 - 412 Judicial District Court. See now (4) exhibit "D" 1-pg.

(5) Notice of fax from Jeri Yenne Criminal District Attorney Brazoria County to Mark Jones, court appointed attorney in O'Grady's case at hand (this shows the date of Nov. 13, 2009) the fax reads: Please be advise that there is a hearing set in the 412th Judicial District Court for Nov. 17, 2009 at 8:30AM for the above cause. Thank you Don Stricklin in Assistant (District Attorney). See now (5) exhibit "E" 2-Pgs. Please note: this hearing is deceiving, because O'Grady in the 23rd. See (2) exhibit "B" 3 Pgs. This is connected to the affirmative finding of deadly weapon. (6) exhibit "F," (1) exhibit "A," (2) exhibit "B" and (4) exhibit "D" coincides with the "Index Qualifier 1-Pg. of the 412th Judicial District Court is so deceiving.

Pg. 7 of 17

(7) IF THE MOTION TO REVOKE/INCREASE BOND WAS HELD IN THE 412TH JUDICIAL DISTRICT COURT, WHAT EXPLANATION CAN THE COURT GIVE TO JUDGE DENMAN'S CONDUCT. SEE NOW (7) EXHIBIT "G" 34 Pgs. 1-34 REPORTER'S RECORD VOL. 1 OF 1, TRIAL COURT CAUSE NO. 58863 - 412TH JUDICIAL DISTRICT COURT. SIGNED BY JILL FRIEDRICHS THE OFFICIAL COURT REPORTER. SEE ALSO EXHIBITS: (11) EXHIBIT "K" VOIR DIRE 2-Pgs., EXHIBITS "B" 3-Pgs JUDGMENT IN THE 23Rd JUDICIAL DISTRICT COURT IN CAUSE NO. 58863, SIGNED BY JUDGE DENMAN - PLEASE NOTE THIS IS A CERTIFIED COPY OF ORIGINAL. (8) THE "CONDITIONS OF BAIL," SIGNED BY JUDGE DENMAN IS VERY QUESTIONABLE AND THE FOLLOWING SHOWS HE IS PRESIDING IN 2-COURTS (THE 412TH E' 23Rd). SEE NOW (8) EXHIBIT "H" 1-Pg. ALONG WITH (2) EXHIBIT "B" JUDGMENT IN THE 23Rd JUDICIAL DISTRICT COURT IN CAUSE NO. 58863, SIGNED JUDGE DENMAN. (9) IN THE CRIMINAL DOCKET SHEET IT PROVES CAUSE NO. 58863 WAS HELD IN THE 412TH WHICH IS ALSO DECEIVING AND THE FOLLOWING SHOWS HE PRESIDED IN 2-COURTS (THE 412TH E' 23Rd). SEE NOW (9) DOCKET SHEET EXHIBIT "I" 4-Pgs. ALSO SEE (2) EXHIBIT "B" JUDGMENT IN THE 23Rd JUDICIAL DISTRICT COURT IN CAUSE NO. 58863 SIGNED BY JUDGE DENMAN. (10) AS STRANGE AS IT MAY APPEAR THE VIOLATION OF THE PROTECTIVE ORDER IS ALSO QUESTIONABLE PURSUANT TO A MISDEMEANOR OR FELONY. SEE (10) EXHIBIT "J" 1-Pg. NOTICE TO SHANE TIMOTHY O'GRADY DATED SEPT. 23, 2009 RE: 174235 - STATE OF TEXAS VS. SHANE TIMOTHY O'GRADY - JUDGE JEREMY WARREN, COUNTY COURT AT LAW NO. 3 - SET FOR OCT. 16TH, 2009 IN COURT ROOM NO. 321-A OF THE COURT HOUSE IN ANGLETON, BRAZORIA COUNTY, TEXAS. (11) THE RECORD SHOWS THE VOIR DIRE HEARING ON NOV. 2, 2009 IN THE 412TH IN TRIAL COURT CAUSE NO. 58,863 - APPELLATE COURT CAUSE NO. 14-09-01037-CR → NOTICE JUDGE DENMAN INTRODUCING HIMSELF: AT Pg. 2692 At 6:

Pg. 8 OF 17

(11) cont.

Good afternoon, ladies and gentleman. My name is Ed Denman, I'm judge of the 412th District Court, and I'll be presiding over this trial. See now (11) Exhibit "K" 2-Pgs. Pg. 1 of 2 Reporter's Record Vol. 2 of 5 Volumes in Trial Court Cause No. 58863 Appellant Court Cause No. 14-09-01037-CR-Brazoria County. See also Pg. 2 of 2 of this same Exhibit.

(12) The record is very decisive because the defendant's election on punishment was held in the 412th, although the verdict was handed down in the 23rd Judicial Court signed by Judge Denman (Could I be wrong?) (Let me answer that with an unequivocal Nooo.). See now (12) Exhibit "L" 1-Pg. and

(13) Exhibit "M" 2 Pgs. Pg. 1 of 2 "Verdict" Guilty of the offense of Aggravated Assault, as charged in the indictment. Signed by Norman Beveridge Presiding Juror Date Filed Nov. 3, 2009 and Pg. 2 of 2 in Exhibit "M" Verdict with Allegations of Enhancement 30 Yrs. Also signed by Norman Beveridge Presiding Juror Date Filed Nov. 3, 2009 in the 23rd Judical Court Judge Denman Presiding. (14) Exhibit 2-M, 9Pgs. In Vol. 4 Pg. 37-41 Jury on Punishment at (13-14), Pgs. 39 at 21-23 Pled Not Guilty to the offense of Aggravated Assault, at Pg. 40 at 13; Guilty of Aggravated Assault. Now Go back to Exhibit (1) "A" & (2) "B".

(15) Exhibit "N" 10 Pgs. Has Dumbfounded the Applicant and must turn to the Judicial Experts to help me understand what I'm trying to say: On this the 2nd of Nov. 09, came on the formation of the Jury and from the Regular Panel for the week the following Named Person (see Exhibit "N" Now) were duly selected, impaneled and sworn as the Jury for the Trial of the above Numbered and entitled Cause which is 23rd Judicial District. At Pg.

Pg. 9 of 17

(15) cont.
2 of 10 is THE JURY SELECTION SYSTEM PANEL NAME: 11-02-09-412, COURT DATE: 11-02-09, CASE: JUDGE DENMAN, All DATE FILE STAMPED ON NOV. 2, 2009.

(16) EXHIBIT "O" 2 Pgs. Pg. 107 2 REPORTER'S SUPPLEMENTAL RECORD VOL. 10/1 Volumes, CAUSE NO. 58,863, APPELLATE COURT CAUSE NO. 14-09-01037-CR. 412TH JUDICIAL DISTRICT, INDIGENCY HEARING. PLEASE NOTE ON Pg. 2 of 2: "DEADLY WEAPON FINDING," CAN NOT BE HAD BY JUDGE DENMAN! THE JUDGMENT (NOV. 3rd) ENTERED AT THE TIME OF SENTENCE BY JURY! SEE (2) EXHIBIT "B" AND (12) EXHIBIT "L" 1 Pg. DEFENDANT'S ELECTION ON PUNISHMENT OF THE 412TH and (13) EXHIBIT "M" 2-Pgs. 23rd.

(17) EXHIBIT "P" 5 Pgs. CHARGE OF THE COURT ON PUNISHMENT-23rd, SIGNED BY THE HONORABLE W. Edwin DENMAN. AT Pg. 4 of 5:
  ⟹ YOUR VERDICT MUST BE UNANIMOUS.

              "LEGAL AUTHORITIES IN SEQUENCE WITH EXHIBITS"

(1) THE COURT'S EVALUATION SHOULD NOT SUBSTANTIALLY intrude UPON THE JURY'S RULE AS THE SOLE JUDGE OF THE WEIGHT and CREDIBILITY OF WITNESS TESTIMONY. SEE EG., POOL V. FORD MOTOR CO., 715 SW2d 629, 635 (TEX. 1986), BENOIT V. WILSON, 150 TEX. 273, 239 SW2d 792, 796 (1951), IN RE THOMA, 873 SW2d 477, 485 (TEX. REV. TRIB 1994). THE APPELLANT COURT maintains THIS DIFFERENCE TO THE JURY'S FINDINGS, BY FINDING FAULT ONLY WHEN "THE VERDICT IS AGAINST THE Great WEIGHT OF the EVIDENCE PRESENTED (OR IN THIS CASE WITHHELD) AT TRIAL SO AS TO BE CLEARLY WRONG AND UNJUST. CLEWIS V. STATE, 922 SW2d 126, 135 (EMPHASIS IN ORIGINAL). EXAMPLES OF SUCH A WRONG and UNJUST VERDICT INCLUDE IN-STANCES IN WHICH THE JURY'S FINDING IS "MANIFESTLY UNJUST," "SHOCKS THE CONSCIENCE, OR "CLEARLY DEMON-STRATES BIAS." CLEWIS, 922 SW2d AT 135, CITING
                        Pg. 10 of 17

(1) LEGAL AUTHORITIES CONT.

MERAZ V. STATE, 785 SW2d 146, 149 (TEX. CRIM. APP. 1990), PUTATIVE JUDGE HAS NO AUTHORITY OVER PROCEEDINGS, & HIS ACTIONS ARE NULLITY IF HE DOES NOT POSSESS PRESCRIBED QUALIFICATIONS TO ACT IN THAT CAPACITY, OR IF HE IS DISQUALIFIED FROM PARTICULAR CASE BECAUSE OF HIS RELATIONSHIP TO CASE OR PARTY. TEX. Const. 5, §11, DAVIS V. STATE, 956 SW2d 555 (TEX. Cr. APP. 1997). IT IS NOT NECESSARY THAT AN OBJECTION BE MADE. THE DISQUALIFICATION OF A JUDGE MAY NOT BE WAIVED EVEN BY CONSENT OF THE PARTIES. THIS ISSUE MAY BE RAISED AT ANYTIME. JESUS MARTINEZ GAMEZ V. STATE, 737 SW2d 315, (1987 TEX. CRIM. APP. LEXIS 643 (NO. 015-84)), EX PARTE ROY McDONALD 469 SW2d 173 (1971 TEX. Crim. App. LEXIS 1627 NO. 44,302). IT IS APPARENT THAT THE LEGISLATORS WHO VOTED FOR it INTENDED TO ENSURE THAT CRIMINAL JUSTICE WAS ADMINISTERED FREE FROM BIAS OR THE APPEARANCE OF BIAS. CHARLES DAVID WHITEHEAD V. STATE, 273 SW3d 285, 283 (TEX. CRIM. APP. 2008) LEXIS 760-NO. PD-0713-07, AND FINALLY RECUSAL INCLUDES THOSE INSTANCES IN WHICH A JUDGE IS REQUIRED TO STEP DOWN ON MOTION OF A PARTY FOR REASONS OTHER THAN THOSE ENUMERATED AS DISQUALIFYING IN THE CONSTITUTION. WILLIAM W. KILGARLIN & JENNIFER BRUCH, DISQUALIFICATION AND RECUSAL OF JUDGES, 17 ST. MARY's L.J. 599 (1986) and GULF MARITIME WAREHOUSE Co., V. TOWERS 858 SW2d 556, 559 (TEX. APP-BEAUMONT 1993, WRIT DENIED).     SEE NOW ALL EXHIBITS!

ERROR #2  IN A JURY Trial, the ISSUE OF WHETHER A DEADLY WEAPON WAS USED OR EXHIBITED DURING THE COMMISSION OF THE OFFENSE, IS AN ISSUE OF FACT WHICH MUST BE SUBMITTED TO THE JURY FOR its EXCLUSIVE DETERMINATION. EX PARTE THOMAS 638, 905, 907 (TEX. CRIM. APP. 1982). SINCE APPELLANT WAS TRIED BY A JURY, THE Trial COURT HAD NO AUTHORITY TO MAKE AN

Pg. 11 OF 17

ERROR #2 cont.

AFFIRMATIVE FINDING THAT APPELLANT USED A DEADLY WEAPON. DAVIS V. STATE, 897 SW2d 791, 793 (TEX. CRIM. APP. 1995), EASTERLING V. STATE, 710 SW 2d 569, 581 (TEX. CRIM. APP. 1986, AND EX PARTE THOMAS, 638 SW2d AT 907. SEE (2) EXHIBITS "B" 3-Pgs. 23rd-FILED NOV. 17, 2009 & (2) EXHIBIT "L" 1 Pg. ELECTION ON PUNISHMENT.

ERROR #3

CRIMINAL CHARGE INSTRUCTING JURY TO FIND DEFENDANT GUILTY OF AGGRAVATED ASSAULT "A DEFENDANT UNLAWFULLY, INTENTIONALLY OR KNOWINGLY THREATENED VICTIM OR °A DEFENDANT INTENTIONALLY, KNOWINGLY OR RECKLESSLY CAUSED BODILY INJURY TO VICTIM WAS ERRONEOUS BECAUSE ASSAULT BY THREAT AND ASSAULT BY INJURY WERE DIFFERENT STATUTORY OFFENSES AND CHARGE ALLOWED the JURY TO CONVICT DEFENDANT WITHOUT REQUIRING THE JURY TO UNANIMOUSLY AGREE ON WHETHER DEFENDANT COMMITTED AGGRAVATED BODILY-INJURY ASSAULT OR AGGRAVATED ASSAULT BY THREAT. SEE NOW EXHIBITS: (1) "A" 2-Pgs. CAPTION IN THE 412TH, (2) JUDGMENT ON JURY VERDICT ON GUILTY (2) EXHIBIT "B" 3-Pgs., (13) EXHIBIT "M" 2 Pgs. VERDICT 23Rd., (14) EXHIBIT "M-2" 9 Pgs. VERDICT IN 412TH; (15) EXHIBIT "N" 10 Pgs. 23rd JURY SELECTION; (17) EXHIBIT "P" 5 Pgs. "CHARGE OF THE COURT 23rd. FILED NOV. 3, 2009, SIGNED BY THE HONORABLE W. EDWIN DENMAN 412TH.

"Conclusion"

TO CALL FOR THE OPPORTUNITY TO OFFER SUPPORTING EVIDENCE, WE CANNOT SAY WITH ASSURANCE THAT UNDER the ALLEGATIONS OF THE "PRO SE COMPLAINT," WHICH WE HOLD TO LESS STRING STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS, HE IS ENTITLED TO AN OPPORTUNITY TO OFFER PROOF. Haines V. KERNER, 92 S.Ct. 594 (1972) O'GRADY SHOULD NOT BE HELD TO STATE RULES OF COURT! FURTHER SINCE IN THIS CASE KNOWLEDGE AND BELIEF OR A STATE OF MIND OF MISCONDUCT OF OFFICIALS OF the State OF TEXAS IN CAUSE NO. 58863 IS MATERIAL TO THE CAUSE OF ACTION, THE AFOREMENT.

Pg. 12 OF 17

Conclusion cont.

Attributed to this misconduct would be admissible. In Sect. 799, Texas law of evidence by McCormick & Ray, this is stated:

"Communications made" or received by a person will often be relevant not as evidence the fact stated... but as tending to show knowledge or belief of the person who communicated the statement or the one who recieved it, particularly, the knowledge or belief of a litigant at a decisive moment is often a component of his cause of action or grand of defense... such statements are consistently received if they would tend to induce or indicate a belief material to the case... Likewise, he may use a statement showing his belief that a promise would be carried out when his reliance is material..." "See also Waters-Pierce Oil Co. V. Davis 24 Tex. Civ. App. 508, 60 SW 453 (CCA), N.W.H. and Mc-Afee V. Travis Gas Corp., 137 Tex. 314, 153 SW2d 442. (Supreme Court of Texas). Example: To violate a promise to abide by "Texas Disciplinary Rules of Professional Conduct" & The Constitution of the State of Texas 1876 Adopted Feb. 15, 1876 as amended to Feb. 1, 1997, "Preamble" Humbly invoking the blessings of Almighty God, the People of the State of Texas, do ordain and establish this Constitution. ∗∗∗ The following officials the Honorable Judge W. Edwin Denman, Attorney Mark B. Jones, and Assistant District Attorney Don Stricklin are ministerial servants of the People of Texas. By their misconduct in the aforementioned, shows that they don't fear the True God. By abuse of authority shows the worship of wickedness...

O'Grady now objects to forfeit any

Conclusion cont.

Right to have his claim analyzed under the standard of harm for constitutional errors, found in Texas Rules of Appellate Procedure 44.2 (A). In addition, there is a due process violation in this case because O'Grady has requested relief pursuant to Federal & State due process... Whatley v. State, 946 SW2d 73, 75-76 (Tex. Crim. App. 1997). See Now Tex. Const. Art. 1 § 19: The Texas due course clause is nearly identical to the federal due process clause, which provides: No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law... U.S. Const. Amend XIV, § 1, While the Texas Constitution is textually different in that it refers to "Due Course" rather than "Due Process," we regard these terms as without meaningful distinction. Mellinger v. City of Houston, 68 Tex. 37, 3 SW 249, 252-53 (1887). As a result, in matters of procedural due process, we have traditionally followed contemporary federal due process issues. Mellinger, 3 SW at 252-53. Univ. of Tex. Med. Sch. v. Than, 901 SW2d 926, 929 (1995). Although not bound by federal due process jurisprudence in this case, we consider federal interpretations of procedural due process to be persuasive authority in applying our due course of law guarntee.      In defining the scope of protected liberty interests under the Fourteenth Amendment, the United States Supreme Court has stated that a liberty interest:

Denotes not merely freedom from bodily restraint, but also the right of the individual to contract, to engage in any of the common occupations of life to acquire useful knowledge, to marry, establish a home and bring up children to worship God

Conclusion Cont.

ACCORDING TO THE DICTATES OF ONE'S OWN CONSCIENCE, AND GENERALLY TO ENJOY THOSE PRIVILEGES LONG RECOGNIZED ... AS ESSENTIAL TO THE ORDERLY PURSUIT OF HAPPINESS BY FREE MEN.

BOARD OF REGENTS V. ROTH, 408 U.S. AT 572, 92 S. Ct. At 2706-07 (QUOTING MEYER V. NEBRASKA, 262 U.S. 390, 399, 43 S. Ct. 625, 626, 67 L. Ed. 1042 (1923).

WHERE THE RECORD REVEALS AFFIRMATIVE MISCONDUCT ON THE PART OF THE PROSECUTION, COMPOUNDED BY AN ERRONEOUS TRIAL COURT RULING, WE SHOULD NOT, REQUIRE A SHOWING OF GREAT HARM TO FIND REVERSIBLE ERROR. PARTICULARLY SHOULD THIS BE SO WHERE WE REVIEW THE RECORD OF A TRUE PROSECUTION OF AGGRAVATED ASSULT-ENHANCED CASE, WHICH IN REALITY the RECORD PROVES the ELEMENT OF SIMPLE ASSULT. THIS IS QUALITATIVELY DIFFERENT FROM AGGRAVATED ASSAULT WITH A DEADLY WEAPON! WE ARE NOT HERE FACED WITH A MERE FAILURE TO DISCLOSE BRADY MATERIAL. NEITHER ARE WE SIMPLY FACED WITH A FAILURE TO MAKE DISCLOSURE UNDER Art. 39.14. WHAT WE ARE CONFRONTED WITH IS A PURPOSEFUL MISREPRESENTATION OF ALL OFFICIALS RESPONSIBLE ... THE ROOT CAUSE FOR THE MISCARRIAGE IN THIS CASE WAS THAT ALL OFFICIALS INVOLVED ORCHESTRATED THIS MISREPRESENTION FOR BRAZORIA COUNTY.

C.F. RUTH V. STATE, 522 SW2d 517. (1975 TEX. Crim. App. LEXIS 947 No. 49,706 MAY 7, 1975...

<u>"PRAYER"</u>

FOR THESE REASONS, O'GRADY ASKS THE COURT TO SET THESE MOTIONS "JUDICIAL NOTICE," "PLEA OF ABATEMENT," "PLEA TO JURISDICTION" AND "NUNC PRO TUNC" FOR A HEARING AND AFTER THE HEARING, GRANT HIS MOTIONS WITH APPROPRIATE ACTION CONSISTANT WITH THE LAW OF THE LAND AND GIVE APPLICANT THE RELIEF HE IS ENTITLED.

Shane T. O'Grady
SHANE TIMOTHY O'GRADY

Pg. 15 OF 17 PRO SE

## Certificate of Service

I hereby certify that on this _September 08_ 2015, a true and correct copy of the above and forgiving request for leave to file "Judicial Notice," "Plea of Abatement" and "Plea to Jurisdiction" and "Nunc Pro Tunc" was sent by regular mail to the Court of Criminal Appeals, P.O. Box 12308 Capitol Station, Austin, Texas 78711 Louise Pearson Clerk.

_____
Shane Timothy O'Grady, Pro Se

## "UNSWORN DECLARATION OF SHANE T. O'GRADY"

"My name is Shane Timothy O'Grady, my date of birth is 7-25-69 and my TDCJ-ID #1614317 I am presently incarcerated in the McConnell Unit in Bee County, Texas 78102. I declare under penalty of perjury that the facts stated in this Document in the aforementioned are true and correct." Executed on _September 08_ 2015.

_____
Shane Timothy O'Grady
TDCJ-ID #1614317
McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

## CAPTION

| THE STATE OF TEXAS | IN THE 412TH DISTRICT COURT |
|---|---|
| COUNTY OF BRAZORIA | OF BRAZORIA COUNTY, TEXAS |

At a regular term of the 412TH Judicial District Court, begun and holden within and for the County of Brazoria, Angleton, State of Texas, before the Honorable W. EDWIN DENMAN, Judge Presiding, which term began on the **24TH** day of **JANUARY**, A.D., **2010** and which ends by operation of law on the **30TH** day of **JUNE**, A.D., **2010**, the following cause came on for hearing to wit:

### CAUSE NO. 58,863

| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
|---|---|
| VS. | BRAZORIA COUNTY, TEXAS |
| SHANE TIMOTHY O'GRADY | 412TH JUDICIAL DISTRICT COURT |

*(1)*

*EXHIBIT "A" 2-Pgs.*

*Pg. 1 of 2*

0001

INDICT
626327
412

NO. 58863            BOND $ 25,000

THE STATE OF TEXAS V. SHANE TIMOTHY O'GRADY

CHARGE:    AGGRAVATED ASSAULT - ENHANCED

WARRANT: H080207            (Control No. 2008-08573)

WITNESS:            NONE

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Brazoria, State of Texas, duly selected, empaneled, sworn, charged, and organized as such for the District Court of said County, upon their oaths present in and to said court that **SHANE TIMOTHY O'GRADY**, hereinafter styled Defendant, on or about the **26th** day of **July, 2008**, and before the presentment of the indictment, in the County and State aforesaid, did then and there intentionally or knowingly threaten Amye O'Grady with imminent bodily injury and did use or exhibit a deadly weapon, namely, a firearm;

## ENHANCEMENT PARAGRAPHS

AND THE GRAND JURORS AFORESAID do further present that before the commission of the offense alleged above, on or about the 4th day of November, 1998, in Cause Number 33,722, in the 23rd Judicial District Court of Braziria County, Texas, the defendant was convicted of the felony of Robbery;

(1)

EXHIBIT "A" 2-Pgs.

Pg. 2 of 2

against the peace and dignity of the State.

IMAGE 5

FOREPERSON OF THE GRAND JURY

0002

JUD 626327

NO. 58863

THE STATE OF TEXAS
VS.
SHANE TIMOTHY O'GRADY

IN THE 23RD JUDICIAL
DISTRICT COURT OF
BRAZORIA COUNTY, TEXAS

JUDGMENT ON JURY VERDICT OF GUILTY

PUNISHMENT FIXED BY COURT OR JURY - NO PROBATION GRANTED

Judge Presiding:  W. Edwin Denman

Date of Judgment:  November 3, 2009

| | |
|---|---|
| Attorney for State: **DON STRICKLIN** | Attorney for Defendant: **MARK B. JONES** |
| Offense: Convicted of: **AGGRAVATED ASSAULT** | |
| Degree **F2** | Date Offense Committed **26 JUL 08** |
| Charging Instrument: **Indictment** | |
| Plea: **Guilty** | |
| Jury Verdict: **GUILTY** | Foreman: **NORMAN BEVERIDGE** |
| Plea to Enhancement Paragraph(s): **TRUE** | Finding on Enhancement Paragraph(s): **TRUE** |
| Findings on Use of Deadly Weapon: **YES** | |
| Date Sentence Imposed: **November 3, 2009** | Costs: **$305.00** Fine: **$0.00** Attorney Fees: **$0.00** Costs covered by time served? **YES** |
| Punishment and Place of Confinement **30 Years  Texas Dept of Criminal Justice - Institutional Division** | Date to Commence: **November 3, 2009** |
| Time Credited **99 Days from date of sentence** | Total Amount of Restitution/Reparation: $ |
| Concurrent Unless Otherwise Specified | Restitution to Be Paid To: Name: Address: |

Notice of Appeal: **YES**

(2)

EXHIBIT "B" 3-Pgs.

Pg. 1 of 3

W. Edwin Denman
JUDGE PRESIDING

November 17, 2009
DATE SIGNED

IMAGE 6

JUD 626327

## IN THE DISTRICT COURT OF BRAZORIA COUNTY, TEXAS
### 23RD JUDICIAL DISTRICT
### JUDGMENT ON PLEA OF NOT-GUILTY - PUNISHMENT ASSESSED BY JURY

THE STATE OF TEXAS      CAUSE NO.: **58863**

VS.      NOV 17 2009      TERM: **OCTOBER 2009/MARCH 2010**

SHANE TIMOTHY O'GRADY      DATE: **NOVEMBER 3, 2009**

Clerk of District Court Brazoria Co. Texas
BY_____DEPUTY

THIS DAY this cause was called for trial and the State appeared by her Assistant District Attorney, **DON STRICKLIN** and the Defendant, **SHANE TIMOTHY O'GRADY**, appeared in person, and his counsel **MARK B. JONES** also being present, and both parties announced ready for trial, and the Defendant, in open court, pleaded not guilty to the charge contained in the indictment herein; thereupon a jury, to wit: **NORMAN BEVERIDGE** and eleven others, was duly selected, impaneled and sworn, who having heard the indictment read, and the Defendant's plea of not guilty thereto, and having heard the evidence submitted, and having been duly charged by the court, retired in charge of the proper officer to consider their verdict, and afterward were brought into open court by the proper officer, the Defendant and his counsel being present and in due form of law returned into open court the following verdict, which was received by the court, and is here now entered upon the minutes of the court, to wit:

> **WE, THE JURY, FIND THE DEFENDANT, SHANE TIMOTHY O'GRADY, GUILTY OF THE OFFENSE OF AGGRAVATED ASSAULT, AS CHARGED IN THE INDICTMENT.**
>
>                 **/S/ NORMAN BEVERIDGE**
>                 **PRESIDING JUROR**

Thereupon the defendant elected to have his punishment assessed by the jury and such jury was called back into the box and heard evidence relative to the question of punishment and thereafter they retired to consider such question and after having deliberated, they returned into court the following verdict:

> **WE, JURY, HAVING FOUND THE DEFENDANT, SHANE TIMOTHY O'GRADY, GUILTY OF THE OFFENSE OF AGGRAVATED ASSAULT, DO FURTHER FIND THAT THE SAID DEFENDANT IS THE SAME PERSON WHO, PRIOR TO THE COMMISSION OF THAT OFFENSE, HAD BEEN CONVICTED OF THE FELONY OFFENSE AS ALLEGED IN THE ENHANCEMENT ALLEGATION; AND WE ASSESS HIS PUNISHMENT AT CONFINEMENT IN THE PENITENTIARY FOR 30 YEARS, SAID TERM BEING LIFE OR NOT MORE THAN NINETY-NINE (99) YEARS NOR LESS FIVE (5) YEARS.**
>
> **WE FURTHER ASSESS A FINE OF $0 , THIS BEING AN A AMOUNT NOT MORE THAN TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS.**

(2)

EXHIBIT "B" Pg 2 of 3

                **/S/ NORMAN BEVERIDGE**
                **PRESIDING JUROR**

**IMAGE 6**

It is therefore considered and adjudged by the Court that the Defendant, **SHANE TIMOTHY O'GRADY**, is guilty of the offense of **AGGRAVATED ASSAULT W/DEADLY WEAPON**, and further the court finds that the defendant used and exhibited a deadly weapon, to wit: GUN, during the commission of this offense, as found by the jury and said defendant committed said offense on the **26th** day of **July**, A.D., **2008**, and that his punishment has been set at confinement in the **Texas Department Of Criminal Justice - Institutional Division** for **30 Years** and that the State of Texas do have and recover of the said defendant all costs in this prosecution expended, for which execution will issue; and that the said defendant be remanded to jail pending further orders of this Court.

SIGNED this ___17th___ day of ___November___, A.D., ___2009___.

___W. Edwin Denman___
JUDGE PRESIDING

(2)

EXHIBIT "B" Pg. 3 of 3

Mot
626327
412

CAUSE NO. 58863

| THE STATE OF TEXAS | § | IN THE 412th |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| SHANE O'GRADY | § | BRAZORIA COUNTY, TEXAS |

FILED FOR RECORD

2009 AUG 25 A 9: 43

DISTRICT CLERK
BRAZORIA COUNTY, TEXAS

**MOTION TO REVOKE BAIL OR INCREASE BAIL**

COMES NOW, The State of Texas, by and through the undersigned Assistant Criminal District

Attorney, and files this Motion to Revoke Bail or Increase Bail pursuant to Articles 16.16, 17.09, and

17.15 of the Texas Code of Criminal Procedure. The State respectfully would show the Court as follows:

1.      This case is currently set for trial on September 8, 2009 at 9 AM;

2.      The Defendant stands charged by indictment in this cause for the offense of Aggravated Assault – Enhanced, which is alleged to have been committed by this Defendant for intentionally or knowingly threatening Amye O'Grady with imminent bodily injury by exhibiting a deadly weapon, namely, a firearm;

3.      Ms. O'Grady would show the Court as follows:

   a.      She is the estranged ex-wife of Shane O'Grady. She has in place a two year protective order which includes her daughter Macee;

   b.      On June 7, 2009, Amye O'Grady witnessed the Defendant drive past her place of residence. This home is located on a dead end street. On June 17, 2009, Ms. O' Grady made a report with the Clute Police Department against Shane O'Grady for violation of the protective order. On August 4, 2009 the Defendant was arrested for the aforementioned violation of the protective order;

4.      At the time of the filing, this Defendant remains incarcerated at the Brazoria County Detention Center.      Regardless, the State is filing this motion to prevent this Defendant from making a bond on the violation of the protective order and upon release, posing a threat to the victim, Amye O'Grady;

5.      Pursuant to Article 17.15, Code of Criminal Procedure, a judge shall consider: "The future safety of...the community...";

6.      Defendant has demonstrated that he cannot follow the laws of the State of Texas by violating a protective order put in place to protect Amye O'Grady. This is the same victim as named in the pending charge, and as such, his current bail is insufficient for the aforementioned reasons.

(3)

EXHIBIT "C" 4-Pgs.

Pg. 1 of 4

IMAGE 5

0020

WHEREFORE, PREMISES CONSIDERED, the State requests that a hearing be held and the Court revoke the Defendant's bond for his bail in this above-styled and numbered cause, or in the alternative, deem said bail insufficient and increase bail. Any and all available general relief in law or in equity is requested.

Respectfully submitted,

Donald A. Stricklin
SBN: 24003018
Assistant Criminal District Attorney
Brazoria County District Attorney's Office
111 E. Locust, Room 408A
Angleton, Texas 77515
(979) 864-1230
fax (979) 864-1525

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was placed in the USPS mail certified return receipt requested, and regular mail, to Mark Jones, counsel for Defendant on this _25_ day of _August_, 2009.

Donald A. Stricklin

(3)

EXHIBIT "C" Pg. 2 of 4

CAUSE NO. 58863

| THE STATE OF TEXAS | § | IN THE 412th |
|---|---|---|
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| SHANE O'GRADY | § | BRAZORIA COUNTY, TEXAS |

## ORDER

The Court, having heard the State's Motion to Revoke Bail or Increase Bail finds that said bail is

insufficient     and     hereby     revokes     the     Defendant's     bail     and     sets     bail     at

_____



RECEIVED
AUG 2 5 2009

_____
JUDGE PRESIDING

(3)

EXHIBIT "C" Pg. 3074

CAUSE NO. 58863

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 412th |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| SHANE O'GRADY | § | BRAZORIA COUNTY, TEXAS |

## NOTICE OF HEARING

The State's Motion to Increase and/or Revoke Bail is set for hearing on the 28st day of August, 2009, at 9 A.M. in the 412th District Court.

Respectfully submitted,

Donald A. Stricklin
SBN: 24003018
Assistant Criminal District Attorney
Brazoria County District Attorney's Office
111 E. Locust, Room 408A
Angleton, Texas 77515
(979) 864-1230
fax (979) 864-1525

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was placed in the USPS mail certified return receipt requested, and regular mail, to Mark Jones, counsel for Defendant on this _____ day of __August__, 2009. ⟵ VIA FACSIMILE

Donald A. Stricklin

(3)

EXHIBIT "C" Pg. 4074

**IMAGE 6**

0023

SI
626327
**NATE MOORE, SR.**
Chief Deputy



BRAZORIA COUNTY
111 E. Locust, Ste. 500
Angleton, TX 77515

## JERRY DEERE
District Clerk
www.brazoria-county.com/dclerk

February 03, 2009

Shane Timothy O'Grady
121 Clements #711
Angleton, Tx 77515

**RE: CAUSE NO. 58863,     412th DISTRICT COURT**
**THE STATE OF TEXAS VS.  Shane Timothy O'Grady**

Dear Sir/Madam:

You have been INDICTED by the Brazoria County Grand Jury.

We are enclosing a copy of Order for Pre-trial Hearing and/or Setting Case for Trial, Indictment and Attorney Contact Form.

You need to make an attempt to retain counsel. We have enclosed a form for you to use entitled Attorney Contact Form. Please complete this form and bring it with you to the pre-trial hearing in the event you are unable to retain an attorney. At that time the judge will require you to fill out a financial statement. If you do retain counsel, it is your responsibility to give your attorney a copy of the Order for Pre-trial Hearing and Setting Case For Trial and Indictment.

Enclosed is also a form for you to complete once you retain counsel and mail it back to us at the address on the form as soon as possible.

Please be present on the court dates as specified in your order. Failure to appear will result in your bond being forfeited.

Yours truly,

Jerry Deere
District Clerk

CC: file

ACE BAIL BONDS/D.W. GARRETT
417 W. MULBERRY
ANGLETON TEXAS 77515

(4)
EXHIBIT "D" 1-Pg.

IMAGE 5

FILE COPY

DC LET INDICT DEFT-FORM 15219

0005



# JERI YENNE
## CRIMINAL DISTRICT ATTORNEY
### BRAZORIA COUNTY

# FACSIMILE MESSAGE

**DATE:** November 13, 2009

**TO:** Mark Jones

**RE:** State of Texas v. Shane Timothy O'Grady Cause No. 58863

**FAX NO.** (979)-848-8378

**FROM:** Don Stricklin, Assistant District Attorney/Krystal Brooks, Secretary
BRAZORIA COUNTY DISTRICT ATTORNEY'S OFFICE
111 EAST LOCUST, SUITE 408 A
ANGLETON, TEXAS 77515

| TELEPHONE NUMBER: | Angleton Area | (979) 864-1230 |
| | Brazosport Area | (979) 388-1230 |
| | Houston Area | (281) 756-1230 |

| TELECOPIER NUMBER: | Angleton Area | (979) 864-1525 |
| | Brazosport Area | (979) 388-1525 |
| | Houston Area | (281) 756-1525 |

**NUMBER OF PAGES (INCLUDING COVER): 2**

**NOTES/COMMENTS:** Letter regarding Notice of Hearing for the above Cause.

Thank You,

Don Stricklin
Assistant District Attorney

This transmittal and any accompanying documents are intended for the use of only the individual or entity to whom they are addressed. These documents may contain information that is privileged, confidential, or otherwise exempt from disclosure by prevailing laws.

**If you have received this communication in error, please notify the sender immediately.**

(5)

EXHIBIT "E" 2-Pgs.

Pg. 1 of 2



**Richard Magness**
First Assistant

**Mary Aldous**
Chief - Criminal Division



**JIM WIGINTON**
Chief - Civil Division

**JOHN BLANKENSHIP**
Chief Investigator

# JERI YENNE
## CRIMINAL DISTRICT ATTORNEY
## BRAZORIA COUNTY

November 13, 2009

To:    Mark Jones

124 West Myrtle

Angleton, TX 77515

Re:    State of Texas v. Shane O'Grady Cause No. 58863

Dear Mr. Jones,

Please be advised that there is a hearing set in the 412th District Court for November 17, 2009 at 8:30 a.m. for the above cause. If you have any questions or concerns about this matter please feel free to contact me.

Thank you
Don Stricklin
Assistant District Attorney

(5)

*EXHIBIT "E" 2-Pgs.*
*Pg. 2 of 2*

COUNTY COURTHOUSE, 111 E. LOCUST, SUITE 408A, ANGLETON, TEXAS 77515

Angleton Area    Brazosport Area    Houston Area    Fax-Criminal Division    Fax-Civil Division
(979) 864-1230    (979) 388-1230    (281) 756-1230    (979) 864-1525    (979) 849-8914

Cause: 58863 (626327)                    Court    : 412th District Court
Style: Shane Timothy O'grady              File date: 01/22/2009 (251 days)
Off. : Aggravated Assault - Enhanced     Attorney : Jones, Mark B. - 04/13/09

| | Date | Time | Hearing Description | Pri | Cause Number |
|---|---|---|---|---|---|
| 1. | 01/21/09 | 08:00a | Grand Jury | 100 | 58863 |
| 2. | 03/18/09 | 09:00a | Pre Trial | 100 | 58863 |
| 3. | 04/22/09 | 09:00a | Pre Trial | 100 | 58863 |
| 4. | 07/23/09 | 09:00a | Announcement Hearing | 100 | 58863 |
| 5. | 07/27/09 | 09:00a | Trial | 100 | 58863 |
| 6. | 08/20/09 | 09:00a | Announcement Docket | 100 | 58863 |
| 7. | 08/24/09 | 09:00a | Trial | 100 | 58863 |
| 8. | 09/08/09 | 09:00a | Trial | 100 | 58863 |
| 9. | 09/24/09 | 09:00a | Announcement Docket | 100 | 58863 |
| 10. | 09/28/09 | 09:00a | Trial | 100 | 58863 |
| 11. | 10/22/09 | 09:00a | Announcement Hearing | 100 | 58863 |
| 12. | 10/26/09 | 09:00a | Trial | 100 | 58863 |

—— View 1 / TAB to select ———————————— All Hearings —— Page 1 of 1 ——

Selection:  1

F1-Exit    F2-Add    F3-Future F4-Setup   F5-Attrny F6-Print

(6)
INDEX QUALIFIER

EXHIBIT "7"  1-Pg

# REPORTER'S RECORD

## VOLUME 1 OF 1 VOLUMES

## TRIAL COURT CAUSE NO. 58863

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS. | * | BRAZORIA COUNTY, TEXAS |
| | * | |
| SHANE O'GRADY | * | 412TH JUDICIAL DISTRICT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO REVOKE/INCREASE BOND**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On the 28th day of August, 2009, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable W. Edwin Denman, Judge presiding, held in Angleton, Brazoria County, Texas.

(7) Proceedings reported by Machine Shorthand Method.

EXHIBIT "G" 34-Pgs 1-34

1 of 34

ORIGINAL

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

# A P P E A R A N C E S

**MR. DON STRICKLIN**
SBOT NO. 24003018
111 East Locust, Suite 408A
Angleton, Texas 77515
Phone: 979-864-1230
ATTORNEY FOR THE STATE OF TEXAS

AND

**MR. MARK JONES**
SBOT NO. 00786002
124 West Myrtle
Angleton, Texas 77515
Phone: 979-849-8076
ATTORNEY FOR THE DEFENDANT

(7)

EXHIBIT "G"    34 Pgs.

2 oq 34

# I N D E X

AUGUST 28, 2009                                    PAGE

Appearances. . . . . . . . . . . . . . . . . . . 2

| STATE'S WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
| --- | --- | --- | --- | --- |
| AMYE O'GRADY | 5 | 11 | | |
| JOHNNIE LEWIS | 21 | 23 | | |

State Rests. . . . . . . . . . . . . . . . . . . 24

| DEFENDANT'S WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
| --- | --- | --- | --- | --- |
| SHANE O'GRADY | 25 | 27 | 29 | 29 |

Court's Ruling. . . . . . . . . . . . . . . . 32

Court Reporter's Certification. . . . . . . . . 34

**EXHIBIT INDEX**

STATE'S EXHIBITS

| NO. | DESCRIPTION | OFFERED | ADMITTED |
| --- | --- | --- | --- |
| 1 | Protective Order | 6 | 6 |

(7)
EXHiBit "G" 34 Pgs

3 of 34

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

**AUGUST 28, 2009**

THE COURT: On the record in Cause No. 58863, State of Texas vs. Shane O'Grady. We're here on the State's motion to revoke bail or increase bail.

State ready to proceed?

MR. STRICKLIN: Yes, Your Honor.

THE COURT: Defense ready?

MR. JONES: Yes, Your Honor.

THE COURT: Let the record reflect counsel for the State is present, counsel for the Defendant and the Defendant are all present.

You may proceed, Mr. Stricklin.

MR. STRICKLIN: Thank you, Your Honor. The State would call Amye O'Grady.

MR. JONES: We'd like to invoke the rule, Your Honor, since there will be more than one witness.

THE COURT: All right. Whoever is going to testify in the case, other than Ms. O'Grady, if they would come up to the -- is there anyone else going to testify?

MR. STRICKLIN: There is two witnesses, Your Honor.

THE COURT: All right. Both of you come up to the rail just a moment.

**(Witnesses duly sworn by the Court.)**

THE COURT: All right. The rule has been

(7)

EXHIBIT "G" 34 Pgs.

4 of 34

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

invoked. What that means is that you may not talk to anyone about this case except the attorneys and unless you are called into the courtroom and you're testifying here on the witness stand. You can't read any transcriptions of it. You can't read any notes about it. And if you violate that, you could be held in contempt of court or you could be prevented from testifying. Do you understand that?

All right. The witness you called was who?

MR. STRICKLIN: Amye O'Grady.

THE COURT: Ms. O'Grady, if you could just come around here and take the stand, please.

And if you would stand outside, we'll bring you in when we're ready for you.

You may proceed.

**AMYE O'GRADY**,

having been first duly sworn, testified as follows:

**DIRECT EXAMINATION**

**BY MR. STRICKLIN:**

Q.   Would you please state your full name for the record?

A.   Amye O'Grady.

Q.   Ms. O'Grady, do you know the Defendant in this case, Shane O'Grady?

A.   Yes.

Q.   How is it that you know him?

A.   We were married.

Q.  Is he present in the courtroom today?

A.  Yes.

Q.  Okay.  Could you identify where he's sitting and an article of clothing he's wearing?

A.  He's wearing orange, right there.

MR. STRICKLIN:  Let the record reflect she's identified the Defendant, Your Honor.

THE COURT:  It does.

Q.  Ms. O'Grady, are you divorced from Shane O'Grady at this time?

A.  Yes.

Q.  When did that divorce become final?

A.  August 12th, '09.

Q.  Okay.  Is it true that the allegation in this lawsuit is that Mr. O'Grady threatened you with a firearm?

A.  Yes.

Q.  Okay.  At any time after the incident occurred did he threaten you in any other way?

A.  He came by my house, drove by my house.

Q.  Okay.  Did you ever have to get a protective order?

A.  Yes.  Yes.

MR. JONES:  No objection, Your Honor.

MR. STRICKLIN:  I'm going to tender and offer State's Exhibit 1.

(7)        THE COURT:  Exhibit 1 is admitted.

Q. Do you want to thumb through that? Ms. O'Grady, if you could just quickly thumb through State's Exhibit 1? Is that the protective order in place between yourself and Shane O'Grady?

A. Yes.

Q. And under that protective order what does it mandate the distance that Mr. O'Grady is to maintain between you and himself?

A. I believe it says 500 feet. No phone calls, nothing.

Q. Okay. He's not --

A. No contact at all, not to go to my house, my employment, my -- our daughter's school, nothing. No contact.

Q. Is it true that you and Mr. O'Grady have a daughter together?

A. Yes.

Q. What is her name?

A. Macy O'Grady.

Q. She's how old?

A. She's 4.

Q. Is Mr. O'Grady permitted to visit with Macy in any way?

A. He's supposed to have supervised visits at the Women's Shelter, and that was stated in this order.

Q. Okay. So what does that mean to you as the mom? What is he allowed to do, basically, if he wants to visit with Macy?

(7)

A. He has to go to the Women's Center and it's supervised and he's supposed to contact and give 48 hours notice and after five times of not doing that he's dropped from having even that, even having supervised visitation through that.

Q. Since the incident which is the basis of the indictment, that is the aggravated assault Mr. O'Grady allegedly committed on you?

A. Uh-huh.

Q. Have you felt threatened by Mr. O'Grady in any way?

A. Yes.

Q. Would you tell the Court how?

A. At the beginning of June I was outside with Macy and my other daughter, Kayly.

Q. June of this year?

A. Yes, beginning of June.

Q. Okay.

A. And I was outside and I saw a vehicle which I recognized to be his mother, Carol Sheffield's vehicle, and I was like -- I wanted to double check and make sure who was driving it and make sure that that was it. So I kind of walked a little bit farther down the driveway and I live on a dead end street and that vehicle made the circle and came back up and Shane was driving it and he did this. He did like a double take and then looked and made direct eye contact with me and kept driving.

EXHIBIT "G" 34 Pgs.

8 of 34

Q. Okay. So you're telling the Court you're absolutely positive that was Shane driving that vehicle?

A. Yes.

Q. Are you aware of any reason Shane should be on that street?

A. None.

Q. Does he have any friends on that street that you know of?

A. Not that I know of.

Q. What street is this?

A. Crestwood Street in Clute, Texas.

Q. Is that where you were residing?

A. Yes.

Q. Is that your home?

A. Yes.

Q. Was that -- did he make that drive-by after the protective order had been put in place?

A. Yes.

Q. Have you had any other incidents with Shane that you would feel were threatening?

A. Yes. He called the house, called my house a couple of days before he drove by. My mother spoke with him, Johnnie Lewis. She answered the call.

Q. How many times are you aware of Shane calling your house, your mother's house?

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

EXHIBIT "G" 34 Pgs.

9 of 34

A.    Twice because I recognize the number on the caller ID. The first time somebody called and hung up and didn't recognize the number.  And then the next day my mom answered the phone and I noticed it was the same number and it was Shane.

Q.    It was the same number that called?

A.    Had called the day before and hung up, yes.

Q.    Did he ever make any kind of other threatening remarks to you immediately after the incident about whether or not he made bail?

A.    Yes.  He said -- you know, he didn't want me to go to the police and he said even if I did --

MR. JONES:  Your Honor, could I ask for a date and time on this because I'm confused which bail he's talking about.

Q.    Let me break this down a little, Ms. O'Grady.

A.    Okay.

Q.    I'm talking about immediately after the aggravated assault that's pending in this case.

A.    Okay.

Q.    Where the allegation is that he threatened you with a firearm.

A.    Right.

Q.    Were there any remarks he made to you as a part of that incident which you felt threatened?

A.    Yes.

EXHIBIT "G" 34 Pgs.

10 of 34

Q. What was that?

A. He said that if I went to the police and he went to jail that he could make bail and if he did, he would come out and he would kill me and then kill himself. He knew where I lived, where I worked.

Q. Did you make a police report based on his driving by the home, the violation of the protective order?

A. Yes.

Q. Okay. Do you know what happened with that?

A. They said they were going to get a warrant for that and arrest him.

MR. STRICKLIN: Your Honor, I pass the witness.

**CROSS-EXAMINATION**

**BY MR. JONES:**

Q. Did you give a statement to the police in conjunction with this, ma'am?

A. With?

Q. The protective order incident.

A. Did I make a statement with the police?

Q. Yes. Yes, ma'am.

A. Yes. I filed a report. Yes.

Q. Now you filed a report, I believe, on the 17th of June is when you called the police about this, correct?

A. Yes.

Q. You're alleging this incident occurred June 4th or

(7)

EXHIBIT "G"   34 Pgs.

11 07 34

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

6th, correct? 4th, 5th and 6th, roughly?

A. He drove by on the 7th, I believe. June 7th.

Q. Why did you wait so long, ma'am, if you were so concerned and in fear of your life?

A. Well, I wasn't sure because, you know, in the protective order if, you know, driving by or if he had to like stop and have, you know, contact. And, you know, I wasn't sure. So I called the victim's coordinator and they said you need to file a report; and I talked with my divorce lawyer and he says, yes, you need to file a report. And so that's when I went to go.

Q. So it took you roughly ten days to do that?

A. Yes.

Q. So you weren't that afraid because you could have immediately called the police and let them sort it out, correct?

A. I was afraid.

Q. Well, ma'am, you could have immediately have called the police and let them sort it out, correct?

A. Yes.

Q. But instead, you waited ten days, correct?

A. Yes.

Q. And when he supposedly drove by he didn't hold out a finger like he was going to shoot you or anything, did he?

A. No.

Q. In fact, he's been out on bond for about a year, has he not?

A. Yes.

Q. And you first said you recognized his mother's car. Then you said you had to make sure it was his mother's car. So you weren't sure at first, correct?

A. Well, I had been seeing a lot of those cars around town and I always look to see if that's -- whose driving the vehicle. And I wanted to make sure. Because I think it has tinted windows. I'm pretty positive. And I couldn't see very well because I was way up on my driveway.

Q. So you walked toward him, correct?

A. I walked just to like the barely middle of my driveway. There is like a big tree, and I just kind of stood and looked.

Q. Now when you got the protective order it was a default against my client. He did not appear in court that day, did he?

A. No, he did not.

Q. And you have no evidence that he even knows what's in the content of that protective order, does he? You have no evidence he's ever received a copy?

A. I don't know.

Q. And for the divorce also on August 12th, 2009, that was a default against my client, correct?

EXHIBIT "G" 34 Pgs.

13 of 34

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

A.   Yes.

Q.   And in the divorce did you incorporate the visitation provisions from the protective order in the divorce decree?

A.   I believe it has a statement in there about the protective order visitation.  I'm not sure of the exact verbiage in it, but states that that's the visitation in that.

Q.   Who is he to call to arrange that visitation?

A.   I believe he's supposed to call my lawyer or the Women's Center.

Q.   And he didn't stop driving.  If it was him, he just kept on driving, according to you, correct?

A.   Yes, he kept driving.

Q.   He made no overt signs that he was going to do any harm to you, did he?

A.   No.

Q.   And in fact, you said there were no phone calls.  Does the protective order say he's not to make any calls in a threatening or harassing manner, correct?

A.   Yes.

Q.   And he did not speak to you.  He spoke to your mother, who is not covered by the protective order, if he did indeed call, correct?

A.   Yes.

Q.   And who owns that telephone number that he called from?

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

A. Who owns the telephone number that Shane called from?

Q. Yes, ma'am.

A. I have no idea. It just said -- just the phone number showed up.

Q. So you have no idea who called that first time, do you, ma'am?

A. No, I don't know who called the first time. I just compared the numbers.

Q. And is his mother allowed visitation with the children?

A. His mother?

Q. Yes.

A. We don't have any orders in place, I mean, whether she has visitation. She's never contacted me for any kind of visitation.

Q. Have you encouraged visitation with his family?

A. No. I don't talk to his family at all.

Q. And you said you were afraid because he originally said in the incident if he made bail and was arrested he could get out and he would kill you, correct?

A. Yes.

Q. That's been almost a year. Has he made any direct attempt to carry out that promise you say he made?

A. No, until he drove by my house.

Q. And once again, if he did drive by your house, he

didn't threaten you that day, did he, ma'am?

A. He didn't make any signs or anything like that. He just stared at me.

Q. And you still waited ten days before making the police report?

A. Yes.

Q. And after the first incident you waited, what, about two months before making that police report?

A. I think it was a couple weeks, I believe.

Q. Okay. And in fact, after the alleged incident where he supposedly threatened you with a gun in a motel, you went back over to his house and left your child with him that day, correct, ma'am?

MR. STRICKLIN: Your Honor, I object. That's irrelevant for the purposes of this hearing.

MR. JONES: I think it goes to the credibility.

THE COURT: Overruled.

You may answer the question.

A. Can you repeat the question?

Q. After the day he supposedly assaulted -- the initial supposed -- after he supposedly threatened you at the hotel with a gun, you went over to his house that afternoon, correct?

A. To his house?

Q. Well, I'm sorry. His brother's house?

A. Yes. After the incident, yes.

EXHIBIT "G" 34 Pgs.

16 of 34

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

Q. And you left your child there overnight, correct?

A. Yes.

Q. The next day you picked up your child and you said that he threatened you again, correct?

A. Yes.

Q. And you still waited several days to call the police?

A. Yes, I did.

Q. And if the police records show that it was actually more than several days, at least a month, would that -- why would you wait so long, even several days, ma'am? I mean he threatened you, threatened to kill your child. Why would you even delay?

A. Because I was scared and when the police came to my house -- because I had made a 9-1-1 recording when he had me in the hotel and because I was scared to death. I thought there was like GPS on cell phones and they could track me and find me in the hotel room and I had it right here by my leg and, you know, that didn't happen. And they went to my mom's house and my mom was like, you know, she was around her ex-husband. He's volatile. And it was somehow -- the communication got messed up between Clute Police Department and West Columbia Police Department and it all got messed up.

Q. Well, wait a minute. One again, you knew the police were concerned about you. They were involved because of the 9-1-1 call?

EXHIBIT "G" 34 Pgs.

17 of 34

A. Uh-huh.

Q. And yet you didn't bother, after this threat was made against you and your child and you had the child safely, to go to the police and say, hey, protect me from this guy?

A. I was scared. He had me very, very intimidated.

Q. Once again, ma'am, you didn't do that?

A. No, I did not. Not right away.

Q. In fact, you waited quite sometime to even do the protective order, did you not?

A. I don't remember exactly how long. They got an emergency protective order for me when he was arrested. That's when they said that they would obtain that for me.

Q. Okay. So the police could protect you when you went to them finally, correct?

A. I'm sorry?

Q. So the police could protect you, is what you're saying now?

A. Yes. I was afraid but, you know -- because I was afraid to go. And then my family was like, look, you know, you might as well have -- either way, he's going to intimidate you. And if he does something to you, you know, at least have the police on your side. You need to go. You know, because I was very, very, very afraid.

Q. So this original incident occurred on July 26th, 2008?

A. I believe it was July 28th, 2008, when it happened.

EXHIBIT "G" 34 Pgs.

1707 34

Q.   Well, ma'am, if your protective order application says July 26th, 2008, and you swore to that, wouldn't that be a correct date?

A.   I'm not sure.

Q.   If I'm reading from it, ma'am, would you agree with me?

A.   Okay.

MR. STRICKLIN:  I'm going to object that he should at least allow her to read from the document.

THE COURT:  Doesn't she have the protective order?

MR. JONES:  Not the application, Your Honor.

Q.   Here.  Take a few minutes to look over that.

A.   It says July 26th.

Q.   And when did you file charges with the police initially in this case?

A.   I don't recall the exact date.

Q.   Was it in August?

A.   I believe so.

Q.   And he was arrested, according to your affidavit, about October 23rd, I believe, correct?

A.   I believe, yes.

Q.   October 28th.  I'm sorry.

A.   Okay.

Q.   During that time while he was on the loose did he

threaten you any other time during that?

A.    No.

Q.    And in fact, one of the reasons you met originally is because he was behind on child support and you were upset about that, correct?

A.    No.

Q.    Well, once again, he spoke to your mother and not you, correct?

A.    Correct.

Q.    He did not make any threatening gestures toward you?

A.    No.

Q.    He's been out on bond for almost a year, has not threatened to carry out the threat you said he made originally?

A.    Yes.

Q.    And to your knowledge, he doesn't even have knowledge of what's in the protective order?

A.    I have no idea what he has knowledge of.

Q.    You have no knowledge of him ever being served with a copy?

A.    Do I have knowledge if he's been served with a copy?

Q.    Yes.

A.    I don't know.

Q.    Has your attorney or anybody else ever told you we sent him a copy?

A.    She said that they served him, that they sent him one,

EXHIBIT "G"  34 Pgs.

19 of 34

a certified copy is what they told me.

Q.    But you have no proof of that here today?

A.    Not today, no.

MR. JONES:  Pass the witness, Your Honor.

MR. STRICKLIN:  I have nothing further.

THE COURT:  Thank you very much.  You may step down, Ms. O'Grady.

Call your next witness.

MR. STRICKLIN:  I call Johnnie Lewis.

THE COURT:  You may proceed.

**JOHNNIE LEWIS,**

having been first duly sworn, testified as follows:

**DIRECT EXAMINATION**

**BY MR. STRICKLIN:**

Q.    Please state your name for the record, ma'am.

A.    It's Johnnie Lewis.

Q.    And do you know Amye O'Grady?

A.    Yes.  She's my daughter.

Q.    Do you know Shane O'Grady?

A.    Yes.

Q.    How is it that you know Shane?

A.    He's my ex son-in-law.

Q.    Have you talked to him in the past?

A.    Yes.

Q.    Would you recognize his voice?

EXHIBIT "G" 34 Pgs.

20 07 34

A. Yes.

Q. Okay. Do you recall an incident where he called your -- do you know whether or not a protective order exists between your daughter, Amye, and Shane O'Grady?

A. Yes, there is.

Q. All right. Are you aware of any phone calls that Shane made to your home after the protective order was enacted?

A. Yes.

Q. Okay. Would you tell the Court about that?

A. He called on June 5th. I believe it was a Friday in the afternoon. He asked to speak to Macy and I said, "Excuse me," because I wanted to make sure I heard it right. He said, "May I speak to Macy?" And I said, "No, you cannot." And he -- I'm sorry. I'm nervous.

I told him, "You had to a chance to see her" -- in his previous order he could meet with her at the Women's Center, supervised; and he had five chances to do this and he failed to do so and he said that he thought he couldn't see her because he wasn't -- didn't show up. And I said, "Right, you can't see her. And you need to read your papers." I said, "Have you read your papers?" And he said, "No, I haven't." And I said, "Well, you need to read your papers and follow it." And then I hung up.

Q. Do you recall an incident where Mr. O'Grady drove past your home and your daughter saw him?

A. Yes.

Q. Was this phone call you just testified to, did that occur before Shane drove past your house or after?

A. Before.

MR. STRICKLIN: Pass the witness.

A. It was just a couple of days.

MR. STRICKLIN: I pass the witness, Your Honor.

**CROSS-EXAMINATION**

BY MR. JONES:

Q. Now in the police report there is no statements saying you saw my client allegedly drive by your daughter's house. You didn't see that, did you?

A. I didn't actually see it, but she --

Q. Okay. Thank you ma'am.

Now the protective order says that he can't speak to your daughter. He didn't speak to her that day, did he?

A. No.

Q. And he's not prohibited from talking to you, is he?

A. No.

Q. And you said that he needs to read his papers. You have no personal knowledge whether he ever received those papers, did you, ma'am?

A. I'm sorry. I did. I asked him, I said, "Did you receive your papers?" He said, "Yes, but I didn't read them."

Q. That's not what you testified to originally though,

(7)

was it, ma'am? You just now added that in when I questioned you about that, correct?

A.   No.  I thought I said you need to read your papers.

Q.   You said you need to read the papers.

A.   Right.

Q.   You didn't mention anything about him having received them, did you, ma'am?

A.   Maybe I didn't just now, but I did ask him.  I did.

Q.   Didn't threaten your daughter, didn't threaten his child, did he?

A.   No.

MR. JONES:  Pass the witness, Your Honor.

MR. STRICKLIN:  I have nothing further, Your Honor.

THE COURT:  Thank you very much.  You may step down.

MR. STRICKLIN:  State has no further witnesses, Your Honor.  We rest for the purposes of the bond hearing.

**(State rests.)**

MR. JONES:  Your Honor, I would like to put my client only on for the limited purposes of this bond hearing.

THE COURT:  All right.

**(Defendant duly sworn by the Court.)**

THE COURT:  You may proceed.

EXHIBIT "G"  34 Pgs.

23 of 34

**<u>SHANE O'GRADY,</u>**

having been first duly sworn, testified as follows:

**DIRECT EXAMINATION**

**BY MR. JONES:**

Q.    Mr. O'Grady, on or about June 4th, 5th or 7th did you drive by your wife's house?

A.    No, sir.

Q.    Now your mother does own a gray van, correct, a gray car?

A.    Yes, sir.

Q.    Now did you call her residence, asking to speak to your daughter?

A.    Yes, sir, I did.

Q.    Have you ever received a copy of the protective order in place?

A.    The protective order that I received was from actually when I was arrested, which I was -- my understanding was the 90 days.

Q.    That would be the magistrate's emergency protective order?

A.    Yes, sir.

Q.    But you are aware that another one -- you took a default against you?

A.    From an attorney, I believe.

Q.    Mr. Wilsey?

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

A.   Yes, sir.

Q.   Sir, there is a 4,000-dollar bond based, I think, on this charge, correct?

A.   Yes.

Q.   You're also on a criminal trespass filed by your mother's apartment complex?

A.   That's correct.

Q.   How much is that bond for?

A.   That bond is $80.

Q.   Okay.  And you've been in jail how long on those two charges?

A.   28 days.

Q.   Do you have any resources in which to post a bond?

A.   No.

Q.   Your mother has not bailed you out, correct?

A.   No, sir.

Q.   Your brother, I believe, is in SAF-P?

A.   That's correct.

Q.   And you have no way to -- no collateral to put up for bond?

A.   No, sir.

Q.   Are you asking the Court to deny the motion to increase bail because you did not violate the protective order and you have no funds?

A.   Yes, sir.  I have no funds to post the bond.

MR. JONES: Pass the witness, Your Honor.

**CROSS-EXAMINATION**

**BY MR. STRICKLIN:**

Q. Mr. O'Grady, I want to hand you what's been marked as State's Exhibit No. 1.

A. Yes, sir.

Q. Which is the protective order which you had allegedly violated. Have you ever seen that document before?

A. Yes, sir, I have.

Q. Okay. When did you see it?

A. I was actually given this -- I believe in February 14th.

Q. Of 2009?

A. Yes, sir.

Q. Okay. Did you read the document?

A. Yes, sir, I did.

Q. Do you have any problem reading the English language, right? Did you understand the terms?

A. Yes, sir.

Q. Are you telling the Court that when -- you heard Amye testify that you drove by the home in June?

A. Yes, sir, I did.

Q. Are you telling the Court that she's just lying about that?

A. Yes, sir, I am.

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

Q. That you did not drive by that home at any time?

A. No, sir.

Q. Did you call the O'Grady -- did you call the house that Amye was staying at on two occasions in June?

A. I called -- yes, I did.

Q. Did you know that Amye was staying there?

A. No. I haven't spoke to Amye for over a year.

Q. That stems out of the arrest on the case that you're indicted for in this case, right?

A. I'm sorry. I don't understand the question.

Q. You haven't spoken to Amye since you were arrested?

A. That is correct.

Q. Do you deny for purposes of this hearing that you ever told Amye O'Grady that you would bond out and kill her?

A. No, sir.

Q. Or that you would find her and you knew where she worked?

A. No, sir.

Q. Have you ever called her at work in the last year?

A. No, sir.

Q. Have you ever called her on her cell phone?

MR. JONES: Your Honor, I'm going to object. That goes outside the scope, Your Honor, from the pleadings. I mean, we're fishing at this point.

THE COURT: Sustained.

EXHIBIT "G" 34Pgs.
27 07 34

MR. STRICKLIN: Your Honor, I pass the witness.

### REDIRECT EXAMINATION

**BY MR. JONES:**

Q. You said you saw this order on February 14th, sir?

A. I actually had just gotten off from work.

Q. The 14th the correct date, sir?

A. Correct. I was served that.

Q. Okay. But this final order wasn't issued until February 24th. So you were not at the final hearing, correct?

A. No, sir.

Q. And you never -- you received a copy of the petition but you never received a copy of this final order, did you, sir?

A. No.

Q. Okay. So you had a petition and not the order?

A. That's correct.

MR. JONES: Pass the witness.

### RECROSS-EXAMINATION

**BY MR. STRICKLIN:**

Q. Did you have an opportunity to show up at that hearing?

A. If I was, I wasn't aware of it.

Q. Okay. Well, you certainly got the petition, didn't you?

A. Eventually, yes.

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

EXHIBIT "G" 34 Pgs.

28 of 34

Q. Well, you got it in February of 2009, right?

A. Yes, sir.

Q. Did you contact -- and I don't remember the date.

A. It was February 14th.

Q. Did you contact any legal counsel for the purposes of that hearing?

A. No, sir, I didn't.

Q. Did you contact the Court or the District Clerk or anybody to figure out when you -- what you needed to do or what you needed to show up to?

A. It's basically what's in here. That's all lies.

Q. And you could have gone to that hearing and told the Court that at that time, couldn't you have?

A. Yeah. Yeah, I could have.

Q. But you didn't?

A. No.

MR. STRICKLIN: Pass the witness.

MR. JONES: Nothing further of this witness, Your Honor.

THE COURT: Do you have any objections if I ask a question?

MR. JONES: No, Your Honor.

THE COURT: Mr. O'Grady, did I understand you to say that you did not know that your ex-wife, although she was still your wife at that time, was living with her mother?

EXHIBIT "G" 34 Pgs.

29 07 34

THE DEFENDANT: I wasn't aware that she was.

THE COURT: Can you explain then -- you admitted you called the house asking for Macy, correct?

THE DEFENDANT: Yes. I called to speak with Macy, my daughter.

THE COURT: I mean Macy.

THE DEFENDANT: Yes.

THE COURT: Why did you call that house to speak with her if you didn't know your wife was living there?

THE DEFENDANT: Because that's the last known place that I knew that Macy might be.

THE COURT: Any follow-up?

MR. STRICKLIN: No, Your Honor.

MR. JONES: I would just like the Court to take judicial notice that in a protective order a respondent is not entitled to representation under Texas law, since it's only a -- is not even a criminal proceeding. It's a civil proceeding. So that if he appears he'll be representing himself pro se, unless he can afford an attorney. So it's an unusual critter in the Texas law that you have criminal consequences, but you're not entitled to an attorney.

THE COURT: All right. The Court will take notice of that.

Thank you, Mr. O'Grady. You may step down.

All right. After hearing the evidence I'm going

EXHIBIT "G" 34 Pgs

30 07 34

to find that the bail is insufficient. I'm going revoke bail, set bail at $45,000, plus additional conditions of bail.

The additional conditions of bail are that upon release, Defendant will report to the bond supervision officer within three hours. You will not be released on a weekend or when you cannot arrive at the bond supervision officer within three hours. Have no contact with Amye O'Grady or any member of her family, including Johnnie Lewis. You'll have a curfew. I'll have to find where your house is. You're to remain there at all times except when going directly to and from work.

Mr. Jones, I'll ask you to get me what his residence is.

While out on bail you're not to commit an offense against the laws of this state or any other state. You will obtain and procure and pay all monitoring fees for an electronic monitoring device from the Brazoria County Probation Department and keep it on at all times.

Mr. Jones, I'm going to ask you to go over these conditions of bail with your client and additional conditions. If you have any questions about them I'll clarify them. If not, I need your client and you to sign and acknowledge you have seen them. And you need to fill in where his address will be.

(Discussion off the record.)

THE COURT: All right. Mr. Jones, this appears

(7)

_EXHiBiT "G" 34 Pgs._

3/07 34

to bear your signature and your client's signature. Does he have any questions about the terms of bail?

MR. JONES: I do not believe so, Your Honor. He does not.

THE COURT: I think we're set for trial on this on September 8th; is that correct?

MR. STRICKLIN: Yes, Your Honor.

THE COURT: All right. Anything further from the State?

MR. STRICKLIN: No, Your Honor.

THE COURT: Anything further from the defense?

MR. JONES: No, Your Honor.

THE COURT: Thank you. You're excused.

**(Proceedings concluded.)**

(7)

EXHIBIT "G" 34 Pgs-

32 of 34

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

THE STATE OF TEXAS)
COUNTY OF BRAZORIA)

I, Jill Friedrichs, Official Court Reporter, in and for the 412th District Court of Brazoria County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in the volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of the original and one copy of the Reporter's Record is $ 176 =  and was paid/will be paid by Brazoria County .

WITNESS MY OFFICIAL HAND this the 23rd day of September , 2009.

JILL FRIEDRICHS, Texas CSR 6866
Expiration Date: 12/31/10.
Official Court Reporter
412th District Court
Brazoria County, Texas
111 E. Locust, Room 201
Angleton, Texas 77515
979.864.1917

(7)
EXHIBIT "G" 34 Pgs 1-34

33 of 34

PLEASE NOTE: At Pg. 17 of 34, THERE ARE 2 - Pg. 17 of 34

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

ORD 626321

CAUSE NO. 58863

STATE OF TEXAS

VS.

SHANE Timothy O'GRADY

CHARGE: Aggravated Assault Enhanced

§
§
§
§

IN THE DISTRICT COURT
OF BRAZORIA COUNTY, TEXAS

412TH JUDICIAL DISTRICT

FILED
AUG 28 2009
JERRY DEERE
District Clerk Brazoria Co. Texas
BY DEPUTY

## CONDITIONS OF BAIL

[X] Defendant shall report in person to the Bond Supervision Officer on the first (1st) business day *within three (3) hours* after release from custody, and at such other times as directed by the Bond Supervision Officer. *DEFENDANT SHALL NOT BE RELEASED ON WEEKEND OR when he cannot arrive within 3 hours at office of Bond Supervision officer.*

[X] Defendant is prohibited from communicating through any means, including verbal, written, electronic, another person or otherwise, with Amye O'GRADY or Any member of her family, including ~~Shane O'Grady~~ Johnnie Lewis

[X] Defendant is prohibited from going within 500 feet of the residence, place of employment, school, or person of Amye O'Grady or Any member of her family, including ~~Shane O'Grady~~ Johnnie Lewis

[X] Defendant has a curfew and shall remain at 110 Crawford ST, West Columbia, Tx _____ County, Texas, ~~from~~ AT ALL TIMES ~~o'clock p.m. through~~ _____ ~~o'clock a.m.~~ except when going directly to and from work or when at work.

[X] Defendant while out on bail shall not commit an offense against the law of this state or any other state or the United States.

[ ] Defendant shall make arrangements to secure the Secure Continuous Remote Alcohol Monitor (SCRAM) ankle monitor, and said device shall be attached to Defendant's ankle no later than _____ days from this date and remain secured on the Defendant until further order of said Court. Defendant will pay all costs associated with the SCRAM monitor. Defendant shall not tamper with monitor or obstruct the monitor. Defendant will not miss any communication times set out in the participant agreement. Defendant will abide by all rules set out by the participant agreement. Defendant will show monitor to the Court and the Bond Supervision Officer upon request. Defendant understands that prior to the SCRAM device being secured and from the date of the judgment, any use of alcohol or illegal use of controlled substances is a violation of the Court-ordered conditions.

[ ] It is hereby ordered that upon being released from custody, Defendant shall be immediately transported by _____ to _____ (hereafter "Treatment Facility") for admittance to that Treatment Facility. If Defendant is not admitted to Treatment Facility within _____ hours of Defendant's release from custody, Defendant is ordered to appear before this Court at _____ (time) on _____ (day of week) _____, 2007 (date). Defendant shall remain at and comply with all policies, rules and programs of Treatment Facility and follow all continuing care recommendations of Treatment Facility following Defendant's release from said Treatment Facility, including other inpatient treatment. If the follow-up treatment recommendations of Treatment Facility include Defendant's immediate admission to an inpatient facility, Defendant is to remain in the custody of _____. If Defendant is not to be admitted to an inpatient treatment facility within _____ hours of Defendant's release from Treatment Facility, Defendant is ordered to appear before this Court at _____ (time) on the first business day following Defendant's release from Treatment Facility.

[ ] The Defendant shall submit to a breath test and/or urinalysis upon request of the Court or the Bond Supervision Officer to determine whether Defendant is using or under the influence of alcohol or any controlled substance and shall pay the assessed fee to the Brazoria County Community Supervision and Corrections Department at the time the test is administered. DEFENDANT AGREES THAT NOTICE TO HIS/HER ATTORNEY BY THE COURT IS NOTICE TO THE DEFENDANT. The Defendant shall submit to such test within the time period set by the Court.

[ ] Defendant shall avoid injurious or vicious conduct and totally abstain from the use or consumption of alcoholic beverages of any kind or any substance capable of or calculated to cause intoxication or the illegal use of any controlled substance.

[ ] Defendant shall seek suitable employment in some lawful occupation, work faithfully to perform the duties of the employment and maintain a standard of personal appearance that will not impede Defendant in obtaining and/or maintaining employment, and if terminated, Defendant shall secure another employment within a period of sixty (60) days. Defendant shall notify the Bond Supervision Officer of any change in employment within three (3) business days.

[ ] Defendant shall not be alone with a minor child under the age of seventeen (17) years without another adult being present.

[ ] Defendant shall attend and successfully complete the alcohol/drug education classes of the supervising Brazoria County Community Supervision and Corrections Department within ninety (90) days of this date and pay the established fee for said classes.

[ ] In the event Defendant operates a motor vehicle, Defendant shall make arrangements for and participate in a vehicle ignition interlock program and follow all rules and regulations of said program, and said device shall remain installed on the vehicle Defendant operates until further Order of this Court.

[X] *Defendant shall procure and pay all monitoring fees for an electronic monitoring device from Brazoria County Probation Department and keep on at all times.*

(8)

In the event the Defendant violates any of the above conditions of bail, the same is grounds for modification and/or increase and/or revocation of this bail. "Bond Supervision Officer" means the Bond Supervision Officer of the Brazoria County Community Supervision and Corrections Dept., 329 N. Velasco, Angleton, TX 77515.

*EXHIBIT "H" 1-Pg.*

SIGNED AND ENTERED this 28th day of August, 2009.

W. Edwin Denman
JUDGE PRESIDING

APPROVED: _____
Defendant

_____
Defendant's Attorney

IMAGE 3

0024

# CRIMINAL DOCKET

Case No. <u>58863</u>

| Number of Case | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| 58863 | STATE OF TEXAS | JERI YENNE        State | AGGRAVATED ASSAULT - ENHANCED | 1 | 22 | 2009 |
| 412th DISTRICT COURT | VS. | | | Indictment or Information and Complaint | | |
| | Shane Timothy O'Grady | Deft. | JP#H080207 | | | |
| | | | | | | |

| DATE OF ORDERS | ORDERS OF COURT | PROCESS |
|---|---|---|
| 01/22/09 | **Indictment Filed** | |
| 01/22/09 | **Bond Set At $25,000.00** | |
| 02/03/09 | **Notice to Deft and Bondsman** | |
| 3/18/09 | of O'Grady - he is working - will be off April 14, 2009 - will have money to hire lawyer; reset April 22, 2009; will work with his lawyer on reset of trial date. WES | |
| 8/28/09 | hearing on Motion to Increase Bond (Fredrichs reported); Amy O'Grady called; Jones represents Δ; State calls Johnnie Lewis - Amye O'Grady mother; deem bond insufficient | |
| (9) | revoked bail; set bail at 45,000 plus additional conditions of bail; NOTE ON BAIL CONDITIONS Defendant not to be released on weekend or when he cannot get to Bond Supervision officer within five hours of release - WES | |

EXHIBIT "D" 4-Pgs.

Pg. 4 of 4

| | DATE OF ORDERS | ORDERS OF COURT | PROCESS |
|---|---|---|---|
| | 11/2/09 | pretrial; Ct to consider medical records in camera; State not to get in to transaction under alleged sex until Ct hears testimony outside presence of jury — KANAYOR OBUEKWE delivered records pursuant to Subpoena for Amy O'Grady — In Camera — venire panel seated at 1:10 — Court instructs State begins Voirdire 1:28 - 2:10; recess until 2:25 — venire jury seated - 2:30 — Defendant begins voirdire ends 3:00 pm — recess until 3:30 — Jury Seated — Court jury instructs — recess for evening | |
| | ~~11/2/09~~ 11/3. | Jury seated 9:09 — State presents the Indictment; Δ pleads Not guilty — State makes opening statement concludes 9:10; Defense makes opening statement - concludes 9:12; State calls Amy O'Grady at 9:13 recess at 10:30 until 10:45; hearing outside presence — Δ MIL on sexual acts granted; but can go into strategy other than sexual activity; jury back in box at 11:00 Am — ~~State~~ concludes 11:14; Ct 11:15 - Re duct - Re Cx; 11:50 witness off — recess until 1 PM; Jury back in box at 1:05; State Rests 1:05; Δ calls Amy O'Grady - off at 1:14; ~~Δ~~ Δ calls Dorothy O'Grady at 1:15 - Duct - Cx, off 1:23; Δ calls Carol Sheffield - 1:24; Duct - Cx - off 1:30 - Δ rests - Recess until 1:45 — with consent change of held — no objections; Jury back at 2:02 - Ct instructs + reads change ends 2:15 | |
| (9) | | St. begins ~~closing~~ - ends 2:18; Δ closing - ends 2:34; State close - 2:46 — Jury retires 2:47; Jury back to have response read to note - 3:14; Jury reaches a verdict 4:05 Guilty; State presents Enhancement paragraph; Δ pleads True to Enhancement; State calls Amy O'Grady — State invokes the Rule; off at 4:34; State Rests; Δ calls Carol Sheffield; | |

EXHIBIT "i" 4-Pgs.

Pg. 3 of 4

# CRIMINAL DOCKET

| Number of Case | NAMES OF PARTIES | ATTORNEYS | | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| 58863 | STATE OF TEXAS | JERI YENNE | State | AGGRAVATED ASSAULT - ENHANCED | 1 | 22 | 2009 |
| 412th DISTRICT COURT | VS. | | | | Indictment or Information and Complaint | | |
| | SHANE TIMOTHY O'GRADY | MARK B. JONES | Deft. | JP#H080207 | | | |

| DATE OF ORDERS | ORDERS OF COURT | PROCESS |
|---|---|---|
| | Carol Shuffield off at 4:45; Δ atty requests 5 minutes with client in jury room; ~~State~~ Defense rests at 4:50 - Recess at 4:50 - Charge conference 5:08 no objections; Jury seated at 5:11; CT reads the charge - State begins close - 5:20; Δ begins close 5:24 - Final summation by State 5:27; Jury retires to deliberate at 5:31 - Jury returns verdict at 6:14; 30 yrs and Ø fine; Court Costs covered by time served Why | |
| 11/17/09 | hearing Mark Jones for Δ, Dan Strehlow for State; Δ files notice of appeal, motion for new trial and motion to appoint appellate counsel with affidavit; court heard affidavit of indigency; proceeded on hearing on affidavit of indigency; ~~Court~~ Δ calls Shane Ogrady - on indigency ~~State~~ Court finds indigent; appoints Perry Stevens as attorney for appeal. Us | |

(9)

<u>EXHIBIT "9"</u> 4-PGS.

Pg. 2 of 4.

DS-626327

# CRIMINAL DOCKET

Case No. <u>58863</u>

| | Number of Case | NAMES OF PARTIES | ATTORNEYS | | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|
| | 58863 | STATE OF TEXAS | JERI YENNE | State | AGGRAVATED ASSAULT - ENHANCED | 1 | 22 | 2009 |
| | 412th DISTRICT COURT | VS. | | | | Indictment or Information and Complaint | | |
| | | Shane Timothy O'Grady | | Deft. | JP#H080207 | | | |
| | | | | | | | | |

| | DATE OF ORDERS | ORDERS OF COURT | PROCESS |
|---|---|---|---|
| | 01/22/09 | Indictment Filed | |
| | 01/22/09 | Bond Set At $25,000.00 | |
| | 02/03/09 | Notice to Deft and Bondsman | |
| | 3/18/09 | of Ogrady - he is working - will be off April 14, 2009 - will have money to hire lawyer; Reset April 22, 2009; will work with his lawyer on rest of trial date. WES | |
| | 8/28/09 | hearing on Motion to Increase Bond (Friedrichs expected); Amy O'Grady called; Jones represents Δ; State calls Johnna Lewis - Amye O'Grady mother; deem bond insufficient revoked bail; set bail at 45,000 plus additional conditions of bail; NOTE ON BAIL CONDITIONS Defendant not to be released on weekend or when he cannot get to Bond Supervision officer within the hours of release. WES | |

(9)

IMAGE 6

EXHIBIT "1" 4-Pgs.

Pg. 1 of 4

JOYCE HUDMAN
COUNTY CLERK
111 E. Locust, Suite 200
Angleton, Texas 77515
(979-864-1380)
(979-388-1380)
(281-756-1380)
(979-864-1020) Fax



JUDGE MILLS 979-864-1260
JUDGE HOLDER 979-864-1671
JUDGE WARREN 979-864-1603
JUDGE RICKERT 979-864-1980
DISTRICT ATTORNEY'S OFFICE
979-864-1230
HOT CHECK DIVISION 979-864-1243

**BRAZORIA COUNTY, ANGLETON, TEXAS**

**September 23, 2009**

**SHANE TIMOTHY O'GRADY**

Re: 174235
The State of Texas vs.
SHANE TIMOTHY O'GRADY
VIOL OF PROTECTIVE ORDER—MA

Dear Sir:

You are hereby notified that the above styled and numbered cause will be called by **Judge Jeremy Warren, County Court at Law No. 3,** for announcements on **October 16th, 2009**, in Courtroom No. **321A** of the Courthouse in Angleton, Brazoria County, Texas.

It is the responsibility of the accused AND his bondsmen to have the accused person in Court at ~~8:15 a.m.~~ 1 PM on that date. **No shorts, tank tops or cutoffs allowed in courtroom. Shirts must be tucked in.** Telephones and pagers must be turned off or placed on vibrate or silent mode. Space is limited, only defendants allowed in the courtroom.

**FAILURE TO APPEAR WHEN YOUR CASE IS CALLED WILL RESULT IN THE BOND BEING FORFEITED AND A WARRANT ISSUED FOR YOUR ARREST.**

IN THE EVENT YOU ENTER A PLEA TO DISPOSE OF YOUR CASE, FINANCIAL ARRANGEMENTS WILL NEED TO BE MADE THROUGH THE COLLECTIONS DEPARTMENT ON THE PLEA DATE, WHICH WILL INCLUDE A MONETARY DOWN PAYMENT TOWARDS THE FINE AND COURT COSTS IF THE FINE AND COURT COSTS ARE NOT PAID IN FULL THAT DAY.

**PLEASE BE PREPARED FOR THE POSSIBILITY THAT YOU MAY BE IN COURT PROCEEDINGS ALL DAY.**

Joyce Hudman, County Clerk
Brazoria County, Texas
By: _____, Deputy
Jane Byrd

Cc

*(10)*

*EXHIBIT "J" 1-Pg.*

MARK B. JONES
124 West Myrtle
Angleton, Tx 77515

**[SEE REVERSED SIDE FOR ADDITIONAL INSTRUCTIONS]**

# REPORTER'S RECORD

## VOLUME 2 OF 5 VOLUMES

### TRIAL COURT CAUSE NO. 58,863

APPELLATE COURT CAUSE NO. 14-09-01037-CR

| | | |
|---|---|---|
| STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS. | * | BRAZORIA COUNTY, TEXAS |
| | * | |
| SHANE O'GRADY | * | 412TH JUDICIAL DISTRICT |

*************************************************************

## VOIR DIRE

*************************************************************

On the 2nd day of November, 2009, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable W. Edwin Denman, Judge presiding, held in Angleton, Brazoria County, Texas.

(11) Proceedings reported by Machine Shorthand Method.

EXHIBIT "K" 2-Pgs.

Pg. 1072

COPY

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

THE COURT: You may be seated.

We're on the record. Let the record reflect that counsel for the State, counsel for the Defendant, the Defendant and members of the venire panel are all present and seated in the courtroom.

Good afternoon, ladies and gentlemen. My name is Ed Denman. I'm Judge of the 412th District Court, and I'll be presiding over this trial. At this time I'd like to introduce you to the attorneys that will take the lead in the case.

Representing the State of Texas will be Mr. Don Stricklin.

Mr. Stricklin.

MR. STRICKLIN: Good afternoon, folks.

THE COURT: State ready?

MR. STRICKLIN: State's ready, Your Honor.

THE COURT: Representing the Defendant will be Mr. Mark Jones.

MR. JONES: Good afternoon.

THE COURT: Mr. Jones, is the defense ready?

MR. JONES: Defense is ready, Your Honor.

THE COURT: Ladies and gentlemen, before we get started with my instructions I want to apologize, first of all, for the temperature in this courtroom. We don't have any control over the temperature in here. It may be very cold. It usually is. I have purchased blankets and they are over here

NO. 58,863

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZORIA COUNTY, T E X A S |
| SHANE O'GRADY | § | 412TH JUDICIAL DISTRICT |

FILED
at_____o'clock_____M
NOV 02 2009
JERRY DEERE
Clerk of District Court Brazoria Co. Texas
BY_____DEP.

## DEFENDANT'S ELECTION ON PUNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in the above entitled and numbered cause, and files his

Election on Punishment, and respectfully requsets that the __JURY__ assess the sentence in this

cause in the event that the Defendant is found guilty.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

(12)

EXHIBIT "L"   1-Pg.

NO. 58863

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| SHANE TIMOTHY O'GRADY | § | 23RD JUDICIAL DISTRICT |

## V E R D I C T

We, the jury, having found the defendant, SHANE TIMOTHY O'GRADY, guilty of the offense of Aggravated Assault, do further find that the said defendant is the same person who, prior to the commission of that offense, had been convicted of the felony offense as alleged in the enhancement allegation; and we assess his punishment at confinement in the penitentiary for __30 YEARS__, said term being Life or not more than Ninety-nine (99) years nor less than Five (5) years.

We further assess a fine of ___$ 0___, this being an amount not more than Ten Thousand and No/100 ($10,000) dollars.

FILED
at _____ o'clock ___ M
NOV 03 2009
JERRY DEERE
Clerk District Court Brazoria Co., Texas
By _____ DEPUTY

_____
PRESIDING JUROR

Norman Beveridge

**IMAGE 6**

(13)
-1-
EXHIBIT "M" 2-Pgs.

Pg. 2 of 2

6

SEE T.T. Record
( punish By Jury)

NO. 58863

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| SHANE TIMOTHY O'GRADY | § | 23RD JUDICIAL DISTRICT |

## V E R D I C T

We, the jury, find the defendant, SHANE TIMOTHY O'GRADY, guilty of the offense of AGGRAVATED ASSAULT, as charged in the indictment.

_____
PRESIDING JUROR

*NORMAN BEVERIDGE*

(13)
-1-
EXHIBIT "M"  2-Pgs.

Pg. 1 of 2

FILED
at_____o'clock_____

NOV 03 2009

JERRY DEERE
Clerk of District Court Brazoria Co. Texas
BY_____ DEPUT

**IMAGE 6**

6

NO. 58863

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| SHANE TIMOTHY O'GRADY | § | 23RD JUDICIAL DISTRICT |

## VERDICT

We, the jury, find the defendant, SHANE TIMOTHY O'GRADY, guilty of the offense of AGGRAVATED ASSAULT, as charged in the indictment.

_____
PRESIDING JUROR

*Norman Beveridge*

(13)
-1-
EXHIBIT "M" 2-Pgs.

Pg. 1 of 2

FILED
at_____ o'clock_____

NOV 03 2009

JERRY BEBRE
Clerk of District Court Brazoria Co. Texas
BY_____ DEPUT

**IMAGE 6**

TRIAL COURT CAUSE NO. 58863

STATE OF TEXAS                    )    IN THE DISTRICT COURT OF

VS.                               )    BRAZORIA COUNTY, TEXAS

SHANE O'GRADY                     )    412TH JUDICIAL DISTRICT

        I, Jill Friedrichs, Official Court Reporter, in and for the 412th District Court of Brazoria County, State of Texas, do hereby certify that the following exhibits constitute true and complete duplicates of the original exhibits, or are the originals, excluding physical evidence, offered into evidence during the trial in the above-entitled and numbered cause as set out herein before the Honorable W. Edwin Denman, Judge of the 412th Judicial District Court of Brazoria County, Texas, and a trial beginning on November 2nd, 2009.

        I further certify that the total cost for the preparation of the original and one copy of the Reporter's Record is $ 1646.70 and was paid/will be paid by Brazoria County.

        WITNESS MY OFFICIAL HAND this the 16th day of December, 2009.

JILL FRIEDRICHS, Texas CSR 6866
Expiration Date: 12/31/10
Official Court Reporter
412th District Court
Brazoria County, Texas
111 E. Locust, Room 201
Angleton, Texas  77515
979.864.1917

(14) -2-
EXHIBIT "M" 9 Pgs.

Pg. 1079

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

first phase. You're under those in this phase as well. If you'd please step down and accompany the bailiff to the jury room. We'll be in recess until you have reached a verdict.

**(Jury out to deliberate.)**

**(A short recess was taken.)**

THE COURT: All right. Put them back in the jury box.

VERDICT 412TH

**(Jury in.)**

THE COURT: You may be seated.

The record will reflect that counsel for the State, counsel for the Defendant, the Defendant and the jury are all seated.

Mr. Beveridge, has the jury reached a verdict on punishment?

PRESIDING JUROR: Yes, sir.

THE COURT: Was it unanimous?

PRESIDING JUROR: Yes, sir.

THE COURT: Would you hand the verdict form to the bailiff, please?

Mr. O'Grady, would you please stand?

"Verdict: We, the jury, having found the Defendant, Shane Timothy O'Grady, guilty of the offense of Aggravated Assault, do further find that the said Defendant is the same person who, prior to the commission of that offense, had been convicted of a felony offense as alleged in the

-2-

(14)

EXHIBIT "M" 9 pgs.

Pg. 2079

enhancement allegation, and we assess his punishment at confinement in the penitentiary for 30 years, said term being life or not more than 99 years nor less than 5 years. We further assess a fine of zero dollars, this being an amount of not more than $10,000." And it's signed by Mr. Beveridge as presiding juror.

Do you wish to have the jury polled?

MR. JONES: I do not, Your Honor.

THE COURT: Ladies and gentlemen of the jury, I have received and I accept your verdict.

You may be seated, Mr. O'Grady.

That brings to a close your involvement in this case. I want to thank you as the attorneys have thanked you for your diligence, for your long hours and for sitting on this jury. You've heard it said that this doesn't function without people like you. We thank you for your service.

I had previously told you that you're not to discuss the case with anyone. You're perfectly free to discuss the case with anyone you wish. Sometimes the attorneys may want to ask questions of what did we do good, what could we have done better. You are perfectly free to discuss it with them if you want. You're also perfectly free to tell them you do not want to talk about it. And I know the attorneys and if you tell them that, they will honor that. If for some reason they don't, let me know and we'll make sure that gets honored.

(14)

EXHIBIT "M" 9 PGS.

PG. 3079

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

In a few weeks you'll get a check from the County to pay you for your service. You heard me say yesterday you get $10 for yesterday and $40 for today, which is a pittance; but that's what the legislature tells the County we can pay you. So that's what the County pays.

If you would leave your badges on the bench there, on the rail there, your notes you can leave here. Mr. Kent will make sure those notes are shredded. And get your personal items. If anything is left in the jury room feel free to get that.

If you need something to show that you have been here for these two days, Elaina will be out in the hall and will give that to you on your way out. Thank you again for your service. I wish you a good, safe trip home and you are excused.

(Jury out.)

THE COURT: All right. The record will reflect that counsel for the State, counsel for the Defendant, the Defendant are all present. The jury has been excused.

Mr. O'Grady, would you please stand?

Mr. O'Grady, you came before this Court and pled not guilty to the offense of Aggravated Assault. The jury found you guilty of that offense. You then entered a plea of true to the enhancement allegation, and the jury assessed your punishment at 30 years in the Institutional Division of the

EXHiBit "M" 9Pgs.

Pg. 4 of 9

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

Texas Department of Criminal Justice and no fine to be assessed against you. 412TH NOV. 3Rd

It is the judgment of this Court that the enhancement allegations are true and that you are guilty in Cause Number 58863 of the offense of Aggravated Assault as alleged in the indictment and that you be punished in accordance with the jury's verdict.

Is there anything that you wish to say before the Court pronounces punishment?

THE DEFENDANT: No, sir.

THE COURT: All right. Mr. O'Grady, having nothing to say, it's the order of this Court, having been found guilty of the offense of Aggravated Assault, and punishment assessed at 30 years, I hereby deliver you to the Sheriff of Brazoria County for transportation to the proper unit of the Institutional Division of the Texas Department of Criminal Justice where you will be confined for a period of 30 years in accordance with the laws governing the Texas Department of Criminal Justice Institutional Division.

I note that you have credit for 99 days for time served. That will be noted on the docket.

I do need to advise you that you do have a right to appeal. Should you be without funds to hire an attorney, I'll provide one for you to assist you; and should you be without funds to pay for a transcript, I'll provide one for
-2-

Exhibit "M" 9 Pgs.
Pg. 5 of 9

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

you.  Do you understand you have those rights?

THE DEFENDANT:  Yes, sir.

THE COURT:  Anything from the defense?

MR. JONES:  No, Your Honor.

THE COURT:  Anything from the State?

MR. STRICKLIN:  No, Your Honor.

THE COURT:  Thank you very much.  You are excused.

**(Proceedings adjourned.)**

and the members of the jury. We will -- the bailiff will show you how to run the tape. The volume should be up here. I have it the same as I had it when you were listening to it during the courtroom. If you need it further feel free to come around here. There is a thing that says "master volume". You can turn it up or down on that master volume switch. As soon as Mr. Kent shows you how to operate it he will stand outside the door to the courtroom. When you are finished just knock on the door, let him know that you're going to go back into the jury room. Then he will come back into the courtroom.

At this time would everybody please leave the courtroom?

**(Courtroom was cleared for jury to listen to tape.)** STARTS VoL. 3 Pgs. 133-135

THE COURT: All right. Let's get the jury back in the jury box.

**(Jury in.)**

THE COURT: You may be seated.

The record will reflect that counsel for the State, counsel for the Defendant, the Defendant and the jury are all present and seated in the courtroom.

Mr. Beveridge, I understand the jury has reached a verdict in this case?

PRESIDING JUROR: Yes, sir.

THE COURT: Was your verdict unanimous?

-2-

(14)

EXHIBIT "M" 9Pgs.

Pg. 7 of 9

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

PRESIDING JUROR: Yes, sir.

THE COURT: Would you hand the verdict form to the bailiff, please?

Mr. O'Grady, would you please stand.

"The State of Texas versus Shane Timothy O'Grady. Verdict: We, the jury, find the Defendant, Shane Timothy O'Grady, guilty of the offense of Aggravated Assault as charged in the indictment." Signed by Mr. Beveridge as presiding juror.

Do you wish to have the jury polled?

MR. JONES: No, Your Honor.

THE COURT: Thank you. You may be seated.

Is the State ready to proceed?

MR. STRICKLIN: Your Honor, if you could give the State five minutes to talk with the witnesses?

THE COURT: All right. Do y'all want to approach a minute?

**(Discussion off the record.)**

THE COURT: All right. Ladies and gentlemen, I was talking to the attorneys about the length of what they anticipate the punishment phase would be. We think that probably it will take about an hour to get the evidence in and get the charge to you for you to deliberate. That will make it like 10 after 5:00. At that point in time we're on your clock. We will stay as long as you want to stay. If you would like to

go into the jury room for just a minute and see if y'all want to recess for today and start at 9:00 o'clock in the morning we can do that.  Or if you want to go ahead and go this evening we'll kind of go whichever way you would prefer to go.  But that's kind of the time constraint we would be under.  So if you want to step down and go into the jury room for just a minute and y'all can talk about whether you want to continue to go this afternoon or whether you want to start up first thing in the morning.  So if you'll step down into the jury room I'll let y'all decide which way you want to go and then we'll proceed accordingly.

**(Jury out.)**

**(Guilt/Innocent portion concluded.)**

(14)

-2-

EXHiBiT "m" 9Pgs.

Pg. 9 of 9

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

SIJ
626327


FILED
NOV 02 2009
Clerk of District Court Brazoria Co., Texas
BY _____ DEPUTY

CAUSE NO. **58863**

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | OF BRAZORIA COUNTY, TEXAS |
| | * | |
| **SHANE TIMOTHY O'GRADY** | * | 23RD JUDICIAL DISTRICT |

And on this the **2ND** day of **NOVEMBER, 2009,** came on the formation of the jury

and from the regular panel for the week the following named persons, viz:

| | |
|---|---|
| MARILYN BELL | BERNARD PAVLAS |
| EMMA PENA | MATTHEW PETWAY |
| NORMAN BEVERIDGE | MANUEL CASACLANG |
| JOYCE HEINRICH | MARSHA WILEY |
| CLAUDIA LEJEUNE | BRYAN HEBERT |
| JOSEPH WILKINSON | SEAN TOVES |

were duly selected, impaneled and sworn as the Jury for the trial of the above

numbered and entitled cause.

(15)
EXHIBIT "N" 10 pgs.

Pg. 1 of 10

DC JURY PANEL FORM - 15209

0065

BRAZORIA COUNTY
JURY SELECTION SYSTEM
Panel Name: 11/02/09|412
Court Date: 11/02/09
Case: JUDGE DENMAN; 12:45 PM CRIMINAL
PAGE 1

| Name | Juror # | |
|------|---------|---|
| 1 RODGER DWAYNE EATON | 1070 | *Cause* |
| 2 BRENDA SUE SHAVER | 326 | *St* |
| (3) MARILYN BELL | 22 | |
| 4 ANGELA MARIE WILSON | 1346 | *St* |
| (5) BERNARD ALFRED PAVLAS | 1297 | |
| 6 SHANNON LEE JOHNSTON | 257 | *St* |
| 7 CAROLYN MARIE ROBINSON | 1017 | *Cause* |
| 8 TODD RICHARD ALBRECHT | 742 | *Cause* |
| 9 ASHLEY NICOLE BONNER | 495 | *Δ, St* |
| 10 CHELSEA RENEA BECKER | 778 | *Cause* |
| 11 ROBERT STEPHEN ESCOBAR | 644 | *Cause* |
| 12 NANCY POLK SINGLETARY | 692 | *Cause* |
| (13) EMMA PENA | 718 | |
| 14 SANDRA WARE PRICE | 1278 | *Δ, St* |
| 15 MARCIA ROLOF MITCHELL | 1298 | *Δ* |
| 16 MARIA GUADALUPE BARRIOS | 641 | *St* |
| 17 STEPHANIE MARIE BALLARD | 853 | *Δ* |
| (18) MATTHEW TIMOTHY PETWAY | 1191 | |
| 19 STEPHANIE LYNN POTISEK | 1337 | *Cause* |
| 20 BYRON JEVON HILL | 812 | *St* |
| 21 HENRY MILES TONEY | 470 | *St* |
| (22) NORMAN ERWIN BEVERIDGE | 536 | |
| 23 DENNIS JOSEPH STANKO | 327 | *Cause* |
| (24) MANUEL I CASACLANG | 198 | |
| 25 LORENA ELIZABETH OLAGUE | 468 | *Cause* |
| 26 TINA MARIE DORN | 1060 | *Δ* |

*at 3.?? o'clock P.M.*
*NOV 02 2009*
*JERRY DEERE*
*Clerk of District Court Brazoria Co. Texas*
*BY ___ DEPUTY*

*(15)*

*EXHIBIT "N" 10 Pgs.*

*Pg. 2 of 10*

0056

| | Name | Juror # | |
|---|---|---|---|
| 27 | MARY JANE GOORIS | 287 | St |
| 28 | NOE LARA HERNANDEZ | 727 | Δ |
| 29 | KIMBERLY ANN WILLIS | 463 | Cause |
| n 30 | JOYCE ANN HEINRICH | 1316 | |
| 8 31 | MARSHA LABAY WILEY | 998 | |
| 32 | KAREN ANNE BAUTHIER | 1246 | Cause |
| 33 | BRENDA SMITH HINES | 98 | St |
| 9 34 | CLAUDIA ELAINE LEJEUNE | 1340 | |
| 35 | SERGIO A MONTEMAYOR | 909 | Cause |
| 36 | KARMAN R SOMMER | 221 | Cause |
| 37 | STEVEN W KELSEY | 556 | Δ |
| 38 | PAIGE LNAE PERRY | 1252 | Δ |
| 39 | JESUS ALVARADO | 956 | Δ |
| 10 40 | BRYAN HOWARD HEBERT | 1302 | |
| 11 41 | JOSEPH IV WILKINSON | 1247 | |
| 12 42 | SEAN CHRISTOPHER TOVES | 835 | |
| 43 | SHARON GARCIA HEBERT | 1134 | |
| 44 | CAROLYN BOWEN LEWIS | 506 | Δ |
| 45 | AMANDA MENDEZ URIBE | 428 | |
| 46 | CASIE LYNN PURYEAR | 1282 | |
| 47 | ROBERT MELINDER | 775 | |
| 48 | AMBER LEIGH MCDANIEL | 437 | |
| 49 | WILLIAM WESLEY FORD | 31 | |
| 50 | KARLY JO FOSTER | 704 | Cause |
| 51 | CLARA MAY LESHIKAR | 857 | |
| 52 | SUSAN MCCASLAND POPE | 1055 | |

(15)

EXHIBIT "N" 10 Pgs.

Pg. 3 of 10

0057

| | Name.................... | Juror # |
|---|---|---|
| 53 | EDWIN JOSEPH SORINA | 1152 |
| 54 | MARY DILBERT GREENWOOD | 615 |
| 55 | MACDONALD ANEGBODE AKHEIT UAME | 582 |
| 56 | JILL HAGEN OLSON | 1208 |
| 57 | RYAN CHRISTOPHER TONEY | 1341 |
| 58 | JIMMIE LEBLANC SPICER | 1311 |
| 59 | MARQUETTA G DAVIS | 1339 |
| 60 | AYODELE OLUBUNMI ONI | 580 |
| 61 | GARNER WAYNE LAMBERT | 242 |
| 62 | SHINY JOSEPH | 1281 |
| 63 | DEVIN ANDREW OWENS | 68 |
| 64 | LAURA FERGUSON GALINDO | 862 |
| 65 | EZEQUIEL SOSA | 762 |
| 66 | FREDDIE JOE SCOTT | 1102 |
| ~~67~~ | ~~RILEY BRADFORD WEST~~ | ~~1347~~ *Cause* |
| 68 | SHAUNDELYNN RUSHCELL BRIGHT | 1326 |
| ~~69~~ | ~~SILVIA MINOR HENDRIX~~ | ~~1079~~ *Cause* |
| 70 | CIRO ARMANDO BENITEZ | 200 |
| 71 | NANCI LEA GLOVER | 60 |
| 72 | SALVACION BONUEL MITRA | 309 |

72 records listed.

(15)

EXHIBIT "N" 10 Pgs.

Pg. 4 of 10

| | Name | Juror # | |
|---|---|---|---|
| 1 | ~~RODGER DWAYNE EATON~~ | 1070 | CC |
| 2 | ~~BRENDA SUE SHAVER~~ | 326 | St |
| 3 | MARILYN BELL | 22 | |
| 4 | ~~ANGELA MARIE WILSON~~ | 1346 | St |
| 5 | BERNARD ALFRED PAVLAS | 1297 | |
| 6 | ~~SHANNON LEE JOHNSTON~~ | 257 | St |
| 7 | ~~CAROLYN MARIE ROBINSON~~ | 1017 | CC |
| 8 | ~~TODD RICHARD ALBRECHT~~ | 742 | CC |
| 9 | ~~ASHLEY NICOLE BONNER~~ | 495 | St |
| 10 | ~~CHELSEA RENEA BECKER~~ | 778 | CC |
| 11 | ~~ROBERT STEPHEN ESCOBAR~~ | 644 | CC |
| 12 | ~~NANCY POLK SINGLETARY~~ | 692 | CC |
| 13 | EMMA PENA | 718 | |
| 14 | ~~SANDRA WARE PRICE~~ | 1278 | St |
| 15 | MARCIA ROLOF MITCHELL | 1298 | |
| 16 | ~~MARIA GUADALUPE BARRIOS~~ | 641 | St |
| 17 | STEPHANIE MARIE BALLARD | 853 | |
| 18 | MATTHEW TIMOTHY PETWAY | 1191 | |
| 19 | ~~STEPHANIE LYNN POTISEK~~ | 1337 | CC |
| 20 | ~~BYRON JEVON HILL~~ | 812 | St |
| 21 | ~~HENRY MILES TONEY~~ | 470 | St |
| 22 | NORMAN ERWIN BEVERIDGE | 536 | |
| 23 | ~~DENNIS JOSEPH STANKO~~ | 327 | CC |
| 24 | MANUEL I CASACLANG | 198 | |
| 25 | ~~LORENA ELIZABETH OLAGUE~~ | 468 | CC |
| 26 | TINA MARIE DORN | 1060 | |

at 3:40 o'clock P M
FILED
NOV 02 2009
JERRY DEERE
Clerk of District Court Brazoria Co. Texas
BY _____ DEPUTY

11-2-09

(15)
EXHIBIT "N" 10 Pgs.
Pg. 8 of 10

| | Name | Juror # |
|---|---|---|
| 27 | MARY JANE GOORIS | 287 JT |
| 28 | NOE LARA HERNANDEZ | 727 |
| 29 | KIMBERLY ANN WILLIS | 463 CC |
| 30 | JOYCE ANN HEINRICH | 1316 |
| 31 | MARSHA LABAY WILEY | 998 |
| 32 | KAREN ANNE BAUTHIER | 1246 CC |
| 33 | BRENDA SMITH HINES | 98 ST |
| 34 | CLAUDIA ELAINE LEJEUNE | 1340 |
| 35 | SERGIO A MONTEMAYOR | 909 CC |
| 36 | KARMAN R SOMMER | 221 CC |
| 37 | STEVEN W KELSEY | 556 |
| 38 | PAIGE LNAE PERRY | 1252 |
| 39 | JESUS ALVARADO | 956 |
| 40 | BRYAN HOWARD HEBERT | 1302 |
| 41 | JOSEPH IV WILKINSON | 1247 |
| 42 | SEAN CHRISTOPHER TOVES | 835 |
| 43 | SHARON GARCIA HEBERT | 1134 |
| 44 | CAROLYN BOWEN LEWIS | 506 |
| 45 | AMANDA MENDEZ URIBE | 428 |
| 46 | CASIE LYNN PURYEAR | 1282 |
| 47 | ROBERT MELINDER | 775 |
| 48 | AMBER LEIGH MCDANIEL | 437 |
| 49 | WILLIAM WESLEY FORD | 31 |
| 50 | KARLY JO FOSTER | 704 CC |
| 51 | CLARA MAY LESHIKAR | 857 |
| 52 | SUSAN MCCASLAND POPE | 1055 |

(15)

EXHIBIT "N" 10 Pgs.

Pg. 9 of 10

0063

| | Name.................. | Juror # |
|---|---|---|
| 53 | EDWIN JOSEPH SORINA | 1152 |
| 54 | MARY DILBERT GREENWOOD | 615 |
| 55 | MACDONALD ANEGBODE AKHEIT UAME | 582 |
| 56 | JILL HAGEN OLSON | 1208 |
| 57 | RYAN CHRISTOPHER TONEY | 1341 |
| 58 | JIMMIE LEBLANC SPICER | 1311 |
| 59 | MARQUETTA G DAVIS | 1339 |
| 60 | AYODELE OLUBUNMI ONI | 580 |
| 61 | GARNER WAYNE LAMBERT | 242 |
| 62 | SHINY JOSEPH | 1281 |
| 63 | DEVIN ANDREW OWENS | 68 |
| 64 | LAURA FERGUSON GALINDO | 862 |
| 65 | EZEQUIEL SOSA | 762 |
| 66 | FREDDIE JOE SCOTT | 1102 |
| 67 | ~~RILEY BRADFORD WEST~~ | 1347 CC |
| 68 | SHAUNDELYNN RUSHCELL BRIGHT | 1326 |
| 69 | ~~SILVIA MINOR HENDRIX~~ | 1079 CC |
| 70 | CIRO ARMANDO BENITEZ | 200 |
| 71 | NANCI LEA GLOVER | 60 |
| 72 | SALVACION BONUEL MITRA | 309 |

72 records listed.

(15)
EXHIBIT "N" 10Pgs.
Pg. 10 of 10

BRAZORIA COUNTY
JURY SELECTION SYSTEM
Panel Name: 11/02/09|412
Court Date: 11/02/09
Case: JUDGE DENMAN; 12:45PM CRIMINAL
PAGE    1

| | Name | Juror # |
|---|---|---|
| 1 | RODGER DWAYNE EATON | 1070 |
| 2 | BRENDA SUE SHAVER | 326 |
| 3 | MARILYN BELL | 22 |
| 4 | ANGELA MARIE WILSON | 1346 |
| 5 | BERNARD ALFRED PAVLAS | 1297 |
| 6 | SHANNON LEE JOHNSTON | 257 |
| 7 | CAROLYN MARIE ROBINSON | 1017 |
| 8 | TODD RICHARD ALBRECHT | 742 |
| ~~9~~ | ~~ASHLEY NICOLE BONNER~~ | ~~495~~ 1 |
| 10 | CHELSEA RENEA BECKER | 778 |
| 11 | ROBERT STEPHEN ESCOBAR | 644 |
| 12 | NANCY POLK SINGLETARY | 692 |
| 13 | EMMA PENA | 718 |
| ~~14~~ | ~~SANDRA WARE PRICE~~ | ~~1279~~ 2 |
| ~~15~~ | ~~MARCIA ROLOF MITCHELL~~ | ~~1298~~ 3 |
| 16 | MARIA GUADALUPE BARRIOS | 641 |
| ~~17~~ | ~~STEPHANIE MARIE BALLARD~~ | ~~855~~ 4 |
| 18 | MATTHEW TIMOTHY PETWAY | 1191 |
| 19 | STEPHANIE LYNN POTISEK | 1337 |
| 20 | BYRON JEVON HILL | 812 |
| 21 | HENRY MILES TONEY | 470 |
| 22 | NORMAN ERWIN BEVERIDGE | 536 |
| ~~23~~ | ~~DENNIS JOSEPH STANKO~~ | ~~327~~ |
| 24 | MANUEL I CASACLANG | 198 |
| ~~25~~ | LORENA ELIZABETH OLAGUE | 468 |
| ~~26~~ | ~~TINA MARIE DORN~~ | ~~1060~~ 5 |

M ?L
4-2-09

FILED
at 3:30 o'clock ___ P. M
NOV 02 2009
JERRY DEERE
Clerk of District Court Brazoria Co. Texas
BY_____ DEPUT

(15)
EXHIBIT "N" 10Pgs.
Pg. 5 of 10

| | Name | Juror # |
|---|---|---|
| 27 | MARY JANE GOORIS | 287 |
| 28 | ~~NOB LARA HERNANDEZ~~ | ~~727~~  6 |
| 29 | KIMBERLY ANN WILLIS | 463 |
| 30 | JOYCE ANN HEINRICH | 1316 |
| 31 | MARSHA LABAY WILEY | 998 |
| 32 | KAREN ANNE BAUTHIER | 1246 |
| 33 | BRENDA SMITH HINES | 98 |
| 34 | CLAUDIA ELAINE LEJEUNE | 1340 |
| 35 | SERGIO A MONTEMAYOR | 909 |
| 36 | KARMAN R SOMMER | 221 |
| 37 | ~~STEVEN W KELSEY~~ | ~~556~~  7 |
| 38 | ~~PAIGE LNAE PERRY~~ | ~~1252~~  10 |
| 39 | ~~JESUS ALVARADO~~ | ~~956~~  8 |
| 40 | BRYAN HOWARD HEBERT | 1302 |
| 41 | JOSEPH IV WILKINSON | 1247 |
| 42 | SEAN CHRISTOPHER TOVES | 835 |
| 43 | SHARON GARCIA HEBERT | 1134 |
| 44 | ~~CAROLYN BOWEN LEWIS~~ | ~~506~~  9 |
| 45 | AMANDA MENDEZ URIBE | 428 |
| 46 | CASIE LYNN PURYEAR | 1282 |
| 47 | ROBERT MELINDER | 775 |
| 48 | AMBER LEIGH MCDANIEL | 437 |
| 49 | WILLIAM WESLEY FORD | 31 |
| 50 | KARLY JO FOSTER | 704 |
| 51 | CLARA MAY LESHIKAR | 857 |
| 52 | SUSAN MCCASLAND POPE | 1055 |

(15)

EXHIBIT "N" 10 Pgs.

Pg. 6 of 10

0060

```
--------------------------------------------------------------------
BRAZORIA COUNTY              JURY SELECTION SYSTEM           PAGE    3
                          Panel Name: 11/02/09 412
                            Court Date: 11/02/09
                       Case: JUDGE DENMAN; 12:45PM CRIMINAL
--------------------------------------------------------------------
```

| | Name................... | Juror # |
|---|---|---|
| 53 | EDWIN JOSEPH SORINA | 1152 |
| 54 | MARY DILBERT GREENWOOD | 615 |
| 55 | MACDONALD ANEGBODE AKHEIT UAME | 582 |
| 56 | JILL HAGEN OLSON | 1208 |
| 57 | RYAN CHRISTOPHER TONEY | 1341 |
| 58 | JIMMIE LEBLANC SPICER | 1311 |
| 59 | MARQUETTA G DAVIS | 1339 |
| 60 | AYODELE OLUBUNMI ONI | 580 |
| 61 | GARNER WAYNE LAMBERT | 242 |
| 62 | SHINY JOSEPH | 1281 |
| 63 | DEVIN ANDREW OWENS | 68 |
| 64 | LAURA FERGUSON GALINDO | 862 |
| 65 | EZEQUIEL SOSA | 762 |
| 66 | FREDDIE JOE SCOTT | 1102 |
| 67 | RILEY BRADFORD WEST | 1347 |
| 68 | SHAUNDELYNN RUSHCELL BRIGHT | 1326 |
| 69 | SILVIA MINOR HENDRIX | 1079 |
| 70 | CIRO ARMANDO BENITEZ | 200 |
| 71 | NANCI LEA GLOVER | 60 |
| 72 | SALVACION BONUEL MITRA | 309 |

72 records listed.

(15)
EXHIBIT "N" 10Pgs.

Pg. 7 of 10

# REPORTER'S SUPPLEMENTAL RECORD

VOLUME 1 OF 1 VOLUMES

TRIAL COURT CAUSE NO. 58,863

APPELLATE COURT CAUSE NO. 14-09-01037-CR

| | | |
|---|---|---|
| STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS. | * | BRAZORIA COUNTY, TEXAS |
| | * | |
| SHANE O'GRADY | * | 412TH JUDICIAL DISTRICT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INDIGENCY HEARING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On the 17th day of November, 2009, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable W. Edwin Denman, Judge presiding, held in Angleton, Brazoria County, Texas.

Proceedings reported by Machine Shorthand Method.

*(16).*
*Exhibit "O" 2pgs.*
*pg. 1 of 2*

ORIGINAL

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

the judgment in this case will reflect an affirmative finding of a deadly weapon, namely a firearm, being used in this Aggravated Assault. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Anything from the State?

MR. STRICKLIN: No, Your Honor.

THE COURT: Anything from the defense?

MR. JONES: Other than we would object, Your Honor. The judgment should have been entered at the time my client was sentenced. Since we filed an appeal under 23.1 of the Texas Rules of Appellate Procedure since he has made a notice -- requested a new trial and entered an appeal, I don't think an amendment of the judgment is correct at this time since the Court has lost power to do that once we filed notice of appeal.

THE COURT: All right. I've noted your exception.

MR. JONES: Thank you, Your Honor.

THE COURT: Anything further we need to put on the record?

MR. STRICKLIN: No, Your Honor.

MR. JONES: No, Your Honor.

THE COURT: Okay.

**(Proceedings concluded.)**

NO. 58863

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| SHANE TIMOTHY O'GRADY | § | 23RD JUDICIAL DISTRICT |

## CHARGE OF THE COURT ON PUNISHMENT

MEMBERS OF THE JURY:

Having found the defendant, SHANE TIMOTHY O'GRADY, herein guilty of the offense of Aggravated Assault, it now becomes your duty to assess the punishment in this cause.

In the enhancement allegation of the indictment it is alleged that the defendant was convicted on the 4th day of November, 1998, in Cause No. 33,722, in the 23rd Judicial District Court of Brazoria County, Texas, for the felony offense of Robbery, which said conviction had become a final conviction prior to the commission of the offense for which you have just found the defendant to be guilty.

To this enhancement allegation in the indictment, the defendant, SHANE TIMOTHY O'GRADY, has pleaded "true". You are therefore instructed to find that the enhancement allegation as alleged in the indictment is "true" and assess the punishment of the defendant, SHANE TIMOTHY O'GRADY, at confinement in the penitentiary for Life, or for any term of not more than Ninety-nine (99) years or not less than Five (5) years. In addition, you may assess a fine not to exceed Ten Thousand ($10,000.00) Dollars.

You are further charged that in fixing the defendant's punishment, you may take into consideration all of the evidence submitted to you in the full trial of this case, that is, all of the evidence submitted to you in the trial of the first part of this case wherein you were called upon to determine the guilt or innocence of the defendant, and all of the evidence admitted before you in the

(17)

EXHIBIT "P" 5 Pgs.

Pg. 1 of 5

0085

second part of this trial wherein you are called upon to fix the defendant's punishment; and you will be bound by the charges of the court covering the first and second parts of this trial in determining what punishment shall be given to the defendant.

In a criminal case the law permits a defendant to testify in his own behalf but he is not compelled to do so, and the same law provides that the fact that a defendant does not testify shall not be considered as a circumstance against him. You will, therefore, not consider the fact that the defendant did not testify as a circumstance against him; and you will not in your retirement to consider your verdict allude to, comment on, or in any manner refer to the fact that the defendant has not testified.

You are instructed that there is testimony before you in this case regarding that the defendant committed criminal acts, other than the offense alleged against him in the indictment in this case. These are called extraneous offenses.

You cannot consider testimony of extraneous offenses for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed any such extraneous offense.

It is not required that the prosecution prove guilt of any extraneous offense beyond all possible doubt. It is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time

*(17)*

*EXHIBIT "P" 5 Pgs.*

*Pg. 2 of 5*

2

0086

earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant, is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

You are admonished that in deliberating upon the punishment to be assessed against the defendant in this case, you must not refer to, nor discuss any matter not in evidence before you. You must not arrive at the punishment to be assessed in this case by any lot or chance, or by putting down any figures and doing any dividing or by any system of averages. Under the instructions herein given, it will not be proper for you in determining the penalty to be assessed to fix the same by any method other than a full, fair, and free exercise of the opinions of the individual jurors under the evidence admitted before you.

(17)

During your deliberations you are instructed that you should not consider the remarks,

EXHIBIT "P" 5 Pgs.

Pg. 3 of 5

3

0087

rulings or actions of the judge presiding during this trial as any indication of the court's opinion as to the existence or nonexistence of any fact or as an indication of the court's opinion as to the punishment to be assessed against the defendant.

You are the exclusive judges of the facts proved and the credibility of the witnesses, and of the weight to be given their testimony, but you are bound to receive the law from the Court which is herein given you and be governed thereby.

⟶ Your verdict must be unanimous. After you have arrived at your verdict, you may use the forms attached hereto by having your presiding juror fill in the appropriate blanks and signing the verdict as presiding juror.

You have been permitted to take notes during the testimony in this case. In the event any of you took notes, you may rely on your notes during your deliberations. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may not use your notes as authority to persuade your fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand, you might make an error in observing or you might make a mistake in recording what you have seen or heard.

After you have retired to consider your verdict, no one has the authority to communicate with you except the officer, bailiff of the Court, who has you in charge.

In the event you desire to communicate with the Court on any matter in connection with your deliberations, your presiding juror will notify the bailiff, who will inform the Court thereof.

(17)

EXHIBIT "P" 5 Pgs.

Pg. 4 of 5

4

After you have retired, any communications to the Court must be in writing. If you have any questions or requests, you should reduce them to writing on a full and complete sheet of paper, noting the date and time, have the presiding juror sign them, and present them to the bailiff. After you have reached a verdict, or if you desire to communicate with the Court at any time, please knock on the door and the bailiff will respond.

_W. Edwin Denman_
JUDGE PRESIDING

FILED
at ____ o'clock ____
NOV 03 2009

**IMAGE 6**

(17)

EXHIBIT "P"  5 Pgs.

Pg. 5 of 5

0089